Judge Birch
delivered the opinion of the court.
This was an action of ejectment brought by Yiti against Dixon for a house and lot of land in the city of St. Louis.
From the statement agreed upon by their respective attorneys, it appears to have been admitted on the trial below “ that at the time of the commencement of the suit, and ever since the 8th of June, 1846, the defendant had been in possession of the premises described in the plaintiff’s declaration, with knowledge of the plaintiff’s claim of title thereto—holding such possession and claiming under Louis Montany, and the lien hereinafter mentioned. That on the 18th Oct., 1841, and until January, 1848, Montany had the possession of the premises, and while in possession thereof, erected thereon a two story brick house, as the tenant of the plaintiff, and in the course of such erection, the materials and work and labor mentioned in the account contained in the record of the lien under which Dixon claimed, were furnished and done in and upon said house, by Asa Wilgus, under a contract therefor with Montany, at the dates attached, respectively, to the several iterms of said account.
The lease from Viti, under which Montany had possession of the premises, was duly executed and recorded, bears date the 29th of July, 1840, and was for the term of ten years from date. The plaintiff next gave in evidence, a deed of trust from said Montany, dated the 12th day of May, 1842, duly acknowledged and recorded, conveying all the estate and interest vested in him by said lease, together with said house, erected as aforesaid, to William Smith, and assigns, for the purpose of securing the payment of certain indebtedness therein named, and authorizing said Smith, as trustee, to soli said property and estate in the mode prescribed in the deed of trust, on the failure by Montany to pay *483 said indebtedness at the time it fell due. Afterwards, upon Montany’s failure as aforesaid, the said trustee, on the 21st day of February, 1846, duly sold and conveyed, according to the provisions of the said deed of trust, all the property and premises therein described to the plaintiff, and executed to him a proper deed of conveyance, in due form, which was also recorded in said recorder’s office of the county of St. Louis, on the 8th day of June, 1846.
On the 13th December, 1842, Asa Wilgus filed his lien, under the mechanics’ lien law on the house erected by said Montany on the premises aforesaid. The following being a copy of the account filed by him for the purpose of perfecting his said lien.
Lewis Montany, To Asa Wilgus, Dr.
1841. Oct. 18, to 1-2 box glass, 8 x 10, at $4 50............ 2 25
“ “ “ 10x12“ 5 50............ 2 75
“ 20 9 lbs. putty at 12£ cts....................... 1 12|
“ “ Tin points................................ 06‡
“ 28 1 quart of oil............................ 37&
1842. July 2 Paints, painting, glass, and glazing new house inside and out........................... .230 00
$236 56*
After filing his lien as aforesaid, said Wilgus instituted his action of common assumpsit in the St. Louis circuit court, at the November term 1842, against Montany, and obtained judgment against him, by confession for the amount of the foregoing account, and under the special fieri facias awarded and issued against the property charged with the lien, the premises in dispute were sold, and the sheriff conveyed to said Wilgus, who was the purchaser, all the right, title and interest of said Montany. This deed to Wilgus was duly executed and recorded, and he subsequently conveyed the interest thus acquired to Dixon, by deed in due form, and recorded.
Upon this state of facts, the court below, setting as a jury, declared the law to be as follows :
“ That under the lien law of 1835, the mechanic’s- lien was in existence from the time of the rendition of services or the delivery of materials under any contract contemplated by said law, and that such lien was perfected by filing a sworn account of the items within six months after the completion of such contract, and it appearing by the record in the case of Wilgus against Montany, that these items of Wilgus’ account bear date prior to the recording of the deed of trust under which *484 plaintiff claims title, the court are of opinion, that the title under saié lien is better than that derived from the deed of trust. ”
As from all that appears in this case, there was but a single, contract, covering all “the materials and work and labor mentioned in the account,” to affirm the judgment of the court will be but in accordance-with the spirit of one of the previous decisions of this court. 9. Mo. 558, and with the analagous reasonings and conclusions just delivered in the case of Beehler vs. the steamer Mary Blane. We regard the object of both laws as being essentially the same—to wit, to secure to laborers and furnishers a priority of lien coincident and co-extensive with their contracts. In this case, Montany himself could not have-divested Wilgus of the right he acquired, by his contract, to complete the job he had undertaken ; and having,completed it, for all that appears to the contrary and according, to his engagement, his lien for all he performed under, it, should he held paramount to any subsequent incumbrance. The judgment of the court of common pleas is therefore affirmed*