SQUIRES, Plaintiff in Error, v. FITHIAN'S ADMINISTRATOR *et al.*, Defendants in Error.

1. The local mechanics' lien act of St. Louis county of February 24, 1843, (Sess. Acts, 1843, p. 83,) did not confer a lien where the person for whom the building is erected has no interest in the premises but is a mere tenant at will.

2. The thirty days' notice referred to in said act is required only of sub-contractors.

3. Where the contract for the building of a house is really incomplete, the work being prosecuted from time to time as materials may be provided or as the progess of other work may require, the mechanic is not required to file his lien within six months of the completion of each detached piece of work, but within six months of the completion of the whole work.

*Error to St. Louis Land Court.*

This was an action commenced by *scire facias* to enforce a mechanic's lien upon a house and lot. The writ set forth that work was done by plaintiff and materials furnished by him under a contract with Samuel B. Fithian, the owner of the building; that Euphrosine Leitensdorfer and Josephine Colburn were owners of the lot; that the lien was filed February 3, 1855, within six months after the account accrued; that notice was given to said owners of the lot January 25, 1855, &c. The writ issued February 13, 1855.

The writ was served on Madame Leitensdorfer and Josephine Colburn. The latter answered disclaiming all interest

in the lot. Fithian dying, his administrator was made a party to the suit. Madame Leitensdorfer answered alleging that she knew nothing of the state of accounts between plaintiff and Fithian ; that plaintiff was neither contractor nor sub-contractor for her ; that the building, so far forth as the plaintiff has done any work or furnished any materials therefor, was completed more than twelve months before the filing of any papers for a lien, or the giving of any notice ; that no account was filed by plaintiff, Squires, nor any demand made for a lien, until after six months from the accrual of such demand against Fithian ; that no demand ever accrued in favor of Squires against her ; that Fithian, for ten months next preceding the institution of this suit or any proceeding in this cause, had no interest in the building or the land on which it stands ; that Fithian never was any thing more than a tenant at will under defendant ; that said tenancy had been determined more than twelve months before the putting in of the answer, and upwards of six months before the filing of any paper or the commencement of any proceedings in this cause.

HARVARD LAW SCHOOL LIBRARY.

The plaintiff introduced evidence showing and tending to show that the plaintiff, Squires, did the carpentry work of a brick house under a contract with Fithian, the son-in-law of Madame Leitensdorfer ; that some work was done by plaintiff as late as October, 1854. Plaintiff also introduced evidence with a view to show that Madame Leitensdorfer sanctioned the work done by him, and that Fithian was her contractor and plaintiff Squires a sub-contractor.

Plaintiff asked the following instructions, which the court refused to give : " 1. If the jury believe from the evidence that S. B. Fithian was in possession of the lot described in the *scire facias* by and with the consent of the said Euphrosine Leitensdorfer, his mother-in-law, who was the owner of said lot, and that said Fithian contracted with the plaintiff to furnish the materials and do the carpenter's work of said building, the jury will find for the plaintiff for the value of said work and materials, if the jury also believe from the

testimony that the plaintiff filed his lien within six months after he had completed his work. 3. If the jury believe from the evidence that the work done and materials furnished by the plaintiff in the month of October, 1854, as described by the witnesses, necessary to the completion of said work and building, then the jury will find that said lien was filed within the six months after the doing of the work and furnishing the materials. 3. If the said Euphrosine Leitensdorfer gave possession of said lot to said Fithian and he was the son-in-law of said Euphrosine, and she resided in the immediate vicinity of said lot and could see the daily progress of the work by the plaintiff and interposed no objection to the same, she is estopped, as far as plaintiff is concerned, to deny the right of said Fithian to erect said building and to contract for said work."

Defendant then asked the following instructions, which were given by the court: " 4. If the plaintiff upwards of twelve months after doing any work on the building in question repaired thither with McKown and Ligget, and, for the mere purpose of making claim that he completed the work on that occasion, nailed the nosing on the portico which has been spoken of by the witnesses of the plaintiff, then he has no lien and can not recover in this action for any work done previously. 5. The plaintiff can not recover as against the defendant Leitensdorfer unless he shall have shown that within thirty days of the doing of the work for which the lien is claimed he gave notice to her of his intention to hold the premises for the amount of his demand. 6. The plaintiff can not have a lien for any work or materials which he shall not have shown to have been done and furnished towards the building described in the writ within the six months prior to the filing of the lien."

The plaintiff asked the court to give the following instruction: " 7. If the jury believe from the evidence the plaintiff contracted with the defendant Fithian to do the carpenter's work and furnish the materials for the same upon the building mentioned in the *scire facias*, then until the

completion of the work or the dissolution of the contract the plaintiff's account runs and he has six months thereafter to file his lien ; but the mere doing some little job of work, for the purpose of procuring a lien, after the work has been done or the contract dissolved, will not continue the lien." The court refused to give this instruction, as asked, but gave the same with the following modification: " Provided they also find that the work done and materials furnished were so done and furnished with the express consent of the other defendants who were the owners of the property, and such express consent must be proved." Both parties excepted.

The plaintiff thereupon took a nonsuit.

*Whittelsey*, *Primm* and *Romyn*, for plaintiff in error.

I. A tenant in possession of land is, under the act of 1843, to be considered as the owner of the building, and both it and the land will be bound by the lien unless the lease be recorded before the indebtedness accrued.  (2 Rawle, 343 ; 4 W. & S. 223 ; Bicel v. James, 7 Watts, 9 ; Holdship v. Abercrombie, 7 Watts, 52.)  Madame Leitensdorfer permitting the building without objection, must be estopped from denying the authority of Fithian.  (Skinner v. Stone, 4 Mo. 93 ; 2 Smith Lea. Cas. 532 ; 3 Hill, 219 ; Stephens v. Baird, 9 Cow. 377 ; 21 Mo. 213.)  The court therefore erred in refusing the first and third instructions asked by plaintiff.

II. The plaintiff has six months after the completion of his work or contract to file his lien.  He is not limited to six months from the date of each separate item.  (15 Mo. 280 ; 10 Barr, 413 ; 2 Jones, Penn. S. 339 ; 19 Penn. 341 ; 22 Penn. 489.)  Account accrues from date of last item.  (16 Mo. 256 ; 12 Penn. 339.)  The plaintiff was not bound to prove the express assent of the owner of the property to the completion of plaintiff's work.  The proviso to the seventh instruction is erroneous.  (10 Barr, 413 ; Johns v. Bolton, 2 Jones, Penn. 339 ; 19 Penn. 341 ; 22 Penn. 489.)

III. The court erred in giving the fifth instruction.  The third section of the act of 1843 applies only to cases of sub-

contractors, and not to persons having contracts with the owner of the building. The plaintiff contracted with Fithian as owner of the building, and the limitation of thirty days' notice does not apply. (Schulenburg v. Gibson, 15 Mo. 280.)

*Gantt*, for defendants in error.

I. The court committed no error in refusing the seventh instruction as it originally stood. It was erroneous then; the addition did not mend it; but plaintiff excepted only to the refusal to give it in its original form. The other instructions asked by plaintiff were properly refused.

II. The fifth instruction did not damage the plaintiff. He could not recover against Madame Leitensdorfer in this form of action under any circumstances. (Clark v. Brown, 25 Mo. 564.)

III. The writ of *scire facias* is essentially defective. It shows that Fithian is not the owner of the lot on which the building stands, but that Madame Leitensdorfer is. It fails to show that Fithian had at any time any interest in the lot, or what that interest was, when it commenced, whether it is still subsisting or when it closed. It is ambiguous as to whether Fithian was contractor with Madame Leitensdorfer and Squires sub-contractor under him, or whether he (Fithian) claimed some interest in the lot by reason of which he improved it. (See 2 Wharton, 197.)

NAPTON, Judge, delivered the opinion of the court.

This action seems to be brought upon the hypothesis that the law in this state gives a lien against the owner of a lot where the contract for building is not made with him but with a person who has no interest in the premises. The local law of St. Louis provides for the case of a lease, but there was no lease proved in this suit—nothing at best but a tenancy at will. The act of 1843 provides only for leases which may be recorded, and of course alludes to such interest as must be, under the statute of frauds, in writing. (Sess. Acts, 1843, p. 83.) It was not thought necessary, it

may be supposed, to provide for interests short of this, as it was not contemplated that a person having a less interest in the premises than an estate for years would be willing to put up improvements on them. Our lien laws have not, like the Pennsylvania acts, adopted the principle of making land liable to a lien for improvements made thereon without regard to the right or title of the person ordering them.

The second instruction given by the court at the instance of the defendant was erroneous. The thirty days' notice referred to in the act of 1843 is confined to sub-contractors, and the petition does not proceed upon the hypothesis that the plaintiff was a sub-contractor under Fithian; nor does the evidence tend to establish such a state of facts.

The instructions given by the court in relation to the point of time from which the six months' limitation commences to run are somewhat confused as they appear on the record. Undoubtedly, after the actual completion of the work contracted for, the builder can not by a mere artifice, such as driving in a few nails, save himself from the operation of the limitation. Of this the jury, in each case, must judge according to the proof. But where the contract is really incomplete, where the work is prosecuted from time to time as materials may be provided or as the progress of other work may require, the mechanic is not required to file his lien within six months of the termination of each detached piece of work, but within six months of the completion of the whole work.

The evidence in this case tended to show that the lien was filed in time; but we can perceive no benefit to be derived by the plaintiff from a reversal of the judgment on this ground, since upon the main theory of his case he can not maintain his action. That Madame Leitensdorfer was bound in equity and good conscience to pay for this work, we think the evidence tends very satisfactorily to show; but that is not the question here. The only question is whether the plaintiff's remedy is given by the mechanics' lien law, and we do not see how he can get along under this statute. Whether

Madame Leitensdorfer's conduct, in witnessing and approving the progress of this work, thus conducted under a contract nominally with her son-in-law, who she knew had received from her no evidence of title, would justify an inference that she was really the principal in the contract and Dr. Fithian but acting as her agent, we are not now called upon to determine.

The other judges concurring, the judgment is affirmed.