### THE STATE OF IOWA v. EADS *et al.*

1. MECHANICS' LIEN : MORTGAGE. It is not necessary to make a mortgagee a party to a proceeding to enforce a mechanic's lien, in order to bar or cut off his right to redeem the premises to which it attaches. The adjudication of a mechanic's lien, and the sale of the property thereunder concludes the parties and others claiming through or under them.

2. SAME : REDEMPTION. The law relating to redemption of real estate sold under execution, applies to sales made in the enforcement of a mechanic's lien.

*Appeal from Lee District Court.*

TUESDAY, OCTOBER 6.

PLAINTIFF filed a petition in equity, in the District Court of Lee County, at Fort Madison, December 18, 1861, to foreclose a certain mortgage executed by J. D. Eads and Minerva, his wife, and filed for record, January 2d, 1857, conveying to plaintiff lots 108, 109, 110, in Fort Madison. McMurphy is made a defendant, and the petition alleges that he claims title to lot 108, under a sheriff's sale thereof, upon a judgment in favor of Hesser & Hale, to enforce a mechanic's lien. Plaintiff denies that defendant's (McMurphy) title to said lot is paramount to the mortgage, and claims that, as plaintiff was not made a party to the proceeding to enforce the mechanic's lien, the State has a right to redeem from the sale, by paying the amount for which the property was sold by the sheriff, with interest.

McMurphy, in his answer, denies the allegations of the petition, and claims title to the said lot 108, under a judgment to enforce a mechanic's lien, which, he claims, vests him with the fee simple title; and that said lot is in no way subject to the said mortgage. By the exhibits attached to the petition, he sets out his title. He also avers that he has expended upon said lot the sum of $6,750 in improvements and repairs made to preserve the property from destruction, and that he has paid in taxes thereon the further sum of $1,050; that at the time of his purchase there was due for taxes levied upon said property the sum of $600, which he has paid. He avers that he has received but $450 rent for the property, since his purchase, and that he has been in possession since that time.

The cause was tried upon the pleadings, exhibits filed therewith, and an agreed statement of facts, and a judgment of foreclosure rendered in favor of plaintiff against lots 109 and 110, and the bill dismissed as to lot 108, the title of which was found to be in the defendant, McMurphy; and therefrom the plaintiff appeals.

*C. C. Nourse*, Attorney-General, for the appellant.

1. The State is not bound by the decree against Eads and wife, for the reason that it was not a party to the proceedings in which it was rendered. *Falconer* v. *Frazier*, 7 S. & M., 235 ; *Clarke* v. *Radcliffe*, 7 How. (Miss.), 162.

2. The decree for the sale of the property, on the mechanic's lien, did not foreclose the right of redemption, and such right now exists. *Veach* v. *Schaup*, 3 Iowa, 194; *Watson & Polhemus* v. *Spence*, 20 Wend., 260 ; *Fruiche* v. *Kramer's Lessee*, 16 Ohio, 125 ; *Bradley* v. *Snyder*, 16 Ill., 263 ; 8 John. Ch., 459.

*J. M. Beck* for the appellee.

I. The proceeding to enforce a mechanic's lien is at law: the judgment is an ordinary judgment, except that it is declared a lien upon the land upon which the building was erected. Code of 1851, § 981; *Veto Vite* v. *Dixon*, 12 Mo., 483; *Dubois, Adm.*, v. *Wilson's trustee*, 21 Id., 214; *Howard* v. *Robinson*, 2 Cush., 119; *Wells* v. *Canton Company*, 3 Md., 234; *Koytuler* v. *O'Connor*, 1 E. D. Smith, 672.

II. The relation existing between a mortgagor and mortgagee is that of privies in estate. *Addams* v. *Barns*, 17 Mass., 365; Adams Eject., 50; *Murphy* v. *Barnett*, 2 Murp. (N. C.), 251; *Kingsland* v. *Spaulding*, 3 Barb. Ch., 341; *Smith* v. *Kreen*, 26 Me., 411; *Candee* v. *Lord*, 2 Conn., 173. Judgments are binding on parties and their privies. *Birkhead* v. *Brown*, 5 Sand., 134; *Evens* v. *Birge*, 11 Geo., 265; *Weathered* v. *Mays*, 4 Tex., 387; *Chapin* v. *Curtis*, 23 Conn., 388. There are no analogies between a mechanic's lien and a mortgage. In enforcing a mechanic's lien it is not necessary to make an incumbrancer, by mortgage or otherwise, a party. *Howard* v. *Robinson*, 5 Cush., 119; *Veto Vite* v. *Dixon, supra*; *Spence* v. *Ettie*, 3 Eng., 69.

Lowe, J.—This cause was rightly disposed of below, and the decision there must be affirmed.

The facts show that the mechanic's lien, under which McMurphy claims title, attached upon lot 108, before the execution of plaintiff's mortgage; that it was enforced by due process of law, the property sold thereunder at sheriff's sale, on the 16th day of December, 1857, and not being redeemed in twelve months thereafter, a deed for said property, on the 4th of January, 1859, was made by the sheriff to Hesser & Hale, the lien holders, and on the same day by them to the defendant, McMurphy, who claims to be the present owner, by purchase for value. The facts further show that the plaintiff tendered to said McMurphy, before the commencement of this suit, to wit: on the 1st day of December, 1861,

the amount of the mechanic's lien judgment, interest and °cost, for the purpose of redeeming· said property, which tender was not accepted.

There are two grounds on which plaintiff seeks to foreclose his mortgage upon lot 108, aforesaid:

First. Because of some things which pertain to the supposed invalidity of the mechanic's lien itself, in regard to which it need only be said that they are matters already *res adjudicata*, and cannot again be collaterally inquired into.

Second. That the plaintiff, upon the tender made, has the right in equity to redeem ·the property, because the State, then a mortgagee, was not made a party to the proceedings to enforce the mechanic's lien. This assumption proceeds upon the ground. that the rules and principles applicable and peculiar to the foreclosure of mortgages, equally apply to proceedings for the enforcement of mechanic's liens. The analogy does not hold good. The former is a proceeding in equity, the rules of which require that, as the proceeding affects the land, all who have an interest therein, and a right to redeem from the mortgage, such as junior mortgagees, although not indispensable, should be made parties thereto ; if it is desired to cut off their equity of redemption, which exists, not only· by the long established usages and rules of equity, but because, perhaps, of their being privies in estate. On the other hand, the enforcement of a mechanic's lien is a proceeding ·at law, where no equity of redemption exists, and we are not aware that it has ever been held to be necessary, in such a proceeding, that incumbrancers by mortgage or other liens (except of the same kind) should be made parties thereto, while it will be found, upon examination, that it has been held just to the reverse. *Howard* v. *Robinson*, 5 Cush., 119; *Veto Vite* v. *Dixon*, 12 Mo., 483 ; *Spencer* v. *Ettie*, 3 Eng., 69.

A mechanic's lien, like that of an attachment, when confirmed or made effective by judgment, is binding upon the

parties thereto. And the law, in order to give full effect to the principle by which the parties are held bound by it, equally concludes by the same proceedings all persons, who are represented by the parties, and claim under them or are privy to them, and they are estopped from litigating that which is conclusive upon those with whom they stand thus related.

It is worthy of remark, that whilst there is no equity of redemption, as such, in proceedings for enforcing mechanic's liens, yet that there was in the case before us a redemption at law, granted for a given period after sale upon execution, of which it was not only competent but was entirely within the power of the State to have availed itself, but it neglected to do so, and now appeals to a court of equity for permission to exercise a right which it fully had at law, but forfeited by its own laches. As no excuse is given in the petition for this omission to avail itself of a statutory privilege, we understand the right, which the plaintiff now sets up, of redeeming long after the time of doing so had expired under the statutes (and that, too, from a stranger who had innocently bought the property after expiration for redemption from the purchasers at sheriff's sale), is predicated upon the fact that the State had not been made a party in the suit brought to enforce and confirm the mechanic's lien. The unreasonableness of this proposition is too patent to require any further notice than that which we have already bestowed upon it, and the judgment below will be

Affirmed.