# THE ECLIPSE STEAM MANUFACTURING COMPANY, *Appellant*, v. J. R. NICHOLS, AND THE J. R. NICHOLS METALLURGICAL WORKS, *Respondents.*

MECHANICS LIEN ACT.—Section 1 of the Mechanics Lien Act provides for a lien in favor of two classes of persons only, viz.: Those "who shall perform any *labor* upon," and those "who shall furnish any material for" the construction of any building—and no distinction can be made among those provided for by the Statute.

FILING NOTICE OF LIEN.—No distinction is made among the lien holders, whether laborers or material men, as to the time within which the notice of lien shall be filed.

INTERPRETATION OF STATUTES.—A distinctive effect should not always be given to all the words of a Statute, but the true rule in this regard is that the Statute shall be so expounded, if practicable, as to give effect to every part of it, and when this cannot be done consistently with the language and intent of the Act, we are to give effect to what was manifestly the intention of the Legislature.

MATERIAL MAN MUST FILE LIEN, WHEN.—One who furnishes materials for the construction of a building is entitled to file the notice of lien at any time within three months after the completion of building.—(BOREMAN, J., dissenting.)

APPEAL from the Third District Court.

Action to foreclose a Mechanics Lien.

At the preceding Term of the Court the judgment of the Lower Court was reversed; but upon the main point, as to the time within which a material man must file his Notice of Lien, the opinion then rendered affirmed the action of the Court below. Upon petition, a rehearing was granted, and after argument the following opinion was rendered by a majority of the Court.

*Marshall & Royle,* for Appellant, made the following points :

That material furnished *for a building*, although not actually used in its construction, constitutes a lien, if there is no fraud or collusion on the part of the material used. Herschman v. Graham, 2 S. & R. 170; Harker v. Conrad, 12 S. & R. 303; O. F. Hall v. Mann, 12 Harris

507. Machinery subjects of a lien. Wademan *v.* Thorp, 5 Wen. 115.

Lien relates back from the filing, to date of commencement of the work, and has priority to intermediate conveyance. *In re* Coulter, 2 Sawyer 42, and cases cited. Keller *v.* Desmond, 68 Penn. 449; U. S. Digest, New Series, vol. 3–444, Secs. 16 and 18; Fleming *v.* Baumgarner, 29 Ind. 425; U. S. Digest, vol. 29, p. 424, Sec. 17; U. S. Digest, 27 p. 409, Sec. 21; Sec. 7 Mechanics Lien Law, p. 8; McCrea *v.* Craig, 23 Cal. 525; Soule, &c., *v.* Daws, 7 Cal. 576; Weaver *v.* Sells, 10 Kans. 619.

Workman, contractor and material man, have each and all of them the right to file their Lien at any time within three months after building is completed.

See argument on rehearing.

*Bennett & Whitney,* for Respondents.

No Brief on file.

LOWE, C. J., delivered the opinion of the Court.

The action was brought to recover compensation for materials furnished in constructing a building, and to enforce a Mechanics Lien upon the premises for the amount due. It appears from the complaint that the notice of Lien was filed in the Recorders Office more than three months after the materials were furnished, but within three months after the completion of the building.

The Defendants demurred, the demurrer was sustained, and the Defendants had judgment, from which the Plaintiff appeals.

By the first section of the Mechanics Lien Law (Acts of 1869, p. 8), it is provided "that any person who shall hereafter, by virtue of any contract with the owner (or his agent) of any building, or other improvement, perform any labor upon, or furnish any materials for, the construction or repairing of such building, or other improvement, shall upon filing the notice prescribed in the next section, have Lien, &c."

The second section provides that "any person may avail himself of the provisions of this Act, whether his claims be due or not, by filing in the Recorders Office of the county in which such building or other improvement is situated, at any time within three months after the labor performed or material furnished, or after the completion of such building, or other improvement, a notice of his intention to hold a Lien upon such building, &c."

It is insisted by the Defendants that a proper construction of this Act requires "that the Lien must be filed, in case of labor, within three months after performing the labor; in case of material, within three months after the time when the material was furnished; in case of building, or improvement by contract, within three months after the completion of the building or improvement."

I cannot concur in this view of the Act. The first section of the Statute provides for a lien in favor of two classes of persons, who are described as those persons "who shall perform any labor upon, or furnish any materials for," the construction, &c., of any building. All persons, therefore, who come within this description, are entitled to a Lien, and none others.

The Statute provides for no third class, and no distinction can be made among those provided for by the Statute, which the Statute does not itself make.

The Statute does not in terms provide for the contractor of the entire improvement as such, and does not provide for such as a distinctive class. Doubtless a general contractor for the entire job, or the person who contracts for the last work and completion of the improvement, may have the Lien, but this is because he is embraced within the language of the Act as performing labor and furnishing material, but he is embraced within it by no other designation a nd in no other sense than he who furnishes but a portion of the labor or material. The Lien is given to those who "perform any labor" or "furnish any materials," and the lien may be secured by filing in the Recorders Office, "at any time within three

months after the labor performed or material furnished, or after the completion of such building, a notice, &c." No distinction whatever is made among the Lien holders as to the time within which the Lien shall be filed.

The Statute says : "*Any person* may avail himself of the provisions of this Act,  *  *  by filing in the Recorders Office,  *  *  *  at any time within three months after the labor performed or material furnished, or after the completion of such building," a notice, &c. It seems to me plain that one rule as to time is made for all.    I think "any person" means "any person" entitled to the Lien, and he may file within three months from furnishing the labor or material, *or* in three months from the completion of the building.    The alternative is expressly stated as to all, and hence the option is given to all.    There is no third class to be provided for, or as to whom a distinction can be made.

But it is urged, that if this construction of the Statute be adopted, that part of the second section which provides that the notice may be filed within three months from the time the labor is performed or the material furnished, becomes imperative, as that is necessarily embraced in the subsequent clause, giving three months from the completion of the building, and that in obedience to the rule of construction that some operative effect should be given to all the words of a Statute, the interpretation contended for by the Defendants should be adopted.    The rule that a distinctive effect should be given to all the words of a Statute is not imperative.    It is not a very strange occurrence in Statutes to find cumulative or superfluous words.    The true rule in this regard I take to be this, that the Statute shall be so expounded, if practicable, as to give effect to every part of it, but when this cannot be done consistently with the language and intent of the Act, we are to give effect to what was manifestly the intention of the Legislature.    Sedgwick on Statutory and Constitutional Law, p. 238.

There is also another rule of interpretation which should not be overlooked, and that is that Statutes are

to be read according to the obvious and natural import of their language, and the construction I have given seems to be within this rule.

But the construction of the second section contended for, that the three months' limitation of notice applies to those who perform labor and furnish material, to the exclusion of the right to file within three months after completion of the building, would be equally obnoxious to the rule that effect should be given to all the words of a Statute; for upon such construction the words giving three months after the completion of the building become inoperative and superfluous. In the case supposed of a contractor for the entire work, he is entitled to a Lien only because he is embraced within the description of persons who perform labor and furnish material, and as such he must file his notice within three months from the time of performing the labor and furnishing the material, and hence as to him the three months would be three months from the completion of the building, and the express words of three months from the completion of the building become useless and inoperative. So that by the Defendants interpretation nothing is gained in reconciliation to the suggested rule of construction.

The language of the second section seems not to have been very well guarded and selected, but I am clearly of the opinion that the object and intent was to give to all parties entitled to a Lien under the Act, privilege of filing the notice at any time within three months after the completion of the building. Some support, I think, is derived to this view, if it were necessary, from the fourth section, which requires that in a suit for enforcing the Lien the time of completing the building should be averred. This could be of no possible avail if the notice was to be filed in all cases within three months from the furnishing of labor or material.

A question is made in argument as to the effect of a conveyance of the premises after the furnishing of the material, and before the filing of the Lien, but as no such question is made by the Record, I forbear to comment upon it.

The judgment should be reversed and the cause remanded for further proceedings.

Emerson, J., concurred.

Boreman, J., delivered the following dissenting opinion:

I cannot concur in the views expressed in the opinion just rendered.  The only point in the case has reference to the proper construction of section 2 of the Mechanics Lien Law.  Laws of Utah, 1869, p. 8, Ch. 12, section 2.

The Mechanics Lien Law. is in derogation of the Common Law, and must be strictly construed.  2 Cal. 90; 29 Cal. 286; 13 Gray 132.  And it is a well established rule of construction that every part of a Statute should have effect given to it, if it be reasonable, and not inconsistent with the plain purpose of the Law.

The second section of the Lien Law referred to, says, that any person may avail himself of the provisions of the Act by filing in the Recorder's Office, "at any time within three months after the labor performed or the material furnished, or after the completion of such building or other. improvement, a notice of his intention to hold a Lien."

We can only give effect to every part of this provision by saying, that it was intended that every man should have three months after his contract was finished in which to file his Lien.  In other words, the laborer was to have three months after he had finished his work; the material man was to have three months after he had finished his work of delivering material, and that those having charge of erecting the building, and who furnished both material and labor, and whose contract was to end with the completion of the building or other improvement, were to have three months after their work was completed.

By this construction every part of the section has effect given to it, and the construction does not seem to be unreasonable, every one being required under it to

proceed to secure himself by Lien within three months after he was through with his contract.

If we say that all had until three months after the completion of the building, we render useless those words "after labor performed or material furnished." And I conceive that we have no right to do this, especially when there seems to be no necessity therefor. Men who depend upon such construction would be led to often rest easy in regard to their Liens, until the three months after "labor performed" or after "material furnished" had expired, intending to claim their Lien within that time, after the completion of the building, and the building is never completed. Is it not more reasonable to hold out no such inducement, but let every man understand that he must file his Lien within the three months after he is done with his work?

Attention of the Court is again called to Section 4 of the Lien Law, and especially that part of it which requires the complaint to state "the time when the building or other improvement was completed, if it be completed." I cannot see that that affects the interpretation given to Section two. The inference which is supposed to be drawn, is, that thereby the construction given by the Court on the former hearing was incorrect, and that "three months after the completion of the building or other improvement," was the time given to all claiming Liens.

Such an inference is vague, but might be drawn from the language, if there were no other sections to dissipate the inference. In Section 3, the Statute of Limitation is fixed at "one year after the completion of the building or other improvement." By concluding that the language of Section 4 referred to the same words in Section 3, we give effect to the whole Statute, and there is nothing unreasonable in such construction.

Plaintiffs claim that the construction here given to the Statute, would in some instances destroy the Lien the Statute was given to secure, and instances the case of an entire contract to furnish materials, so much per month, and claims that by such construction the party loses his

Lien for all material furnished after the end of the first three months.   Such an inference cannot possibly be drawn from the construction given.   But one Lien would attach in such a case, and it would be for *all* of the material furnished under the contract, and must be filed within three months after the last material is furnished. 47 Cal. 87, Cox *v.* Western Pacific R. R. Co. ; 14 Cal. 18, Same *v.* Same ; Stone *v.* Austin, 9 Mo. 554 ; Viti *v.* Dixon, 12 Mo. 479 ; Squires *v.* Fathian, 27 Mo. 134.

The Appellant lays much stress upon the fact that but one point was argued in the Court below, and that it had reference to a sale of the property upon which the Lien was demanded, and says that it supposed, and well might suppose, that this point "would be *the point* upon which the Superior Court would determine the case as far as the Lien was concerned."

This Court held at the former hearing that the complaint did not show a sale or transfer of the property, and this statement is very earnestly objected to.   The Court could not find otherwise.   The complaint does not show any sale or transfer, and the Appellant took occasion in its briefs at the former hearing to three times remind the Court of this fact.   Hence it was not a matter to which the attention of the Court had not been called.   But aside from this fact, it was the duty of the Court to notice so glaring a defect of statement, upon the well settled practice that an appellate tribunal will notice any material defects which are apparent, even though neither party ask the Court so to do.   This is the practice in the United States Supreme Court, and of appellate Courts generally.