## GOODE v. CUMMINGS.

1. Redemption: BY JUNIOR CREDITORS. A junior creditor who purchases and takes an assignment of the certificate of sale from his senior creditor, to whom the land had been sold, will be regarded as a redemption creditor within the meaning of the statute; and to entitle a creditor or lien holder junior to him to redeem the premises, from such sale, he must pay not only the amount thereof, but also the amount of other superior judgment liens held by the person thus holding the certificate by assignment.

2. —— The provisions of the statute requiring the redeeming creditor to enter upon the sale book the utmost amount he is willing to credit on his claim, and the payment by him into the clerk's office of the amount necessary to redeem, apply only to redemptions by creditors after the expiration of nine months. It is accordingly *held*, that a redemption within that time may be sufficiently made by merely paying the necessary amount directly to the creditor, or in the manner above stated.

*Appeal from Polk District Court.*

WEDNESDAY, SEPTEMBER 18.

ACTION in chancery to enforce the alleged right of plaintiff, as a judgment creditor, to redeem certain lands sold upon execution. Upon the final hearing plaintiff's petition was dismissed; from this judgment he appeals to this court. The facts of the case are fully stated in the opinion.

*Goode & St. John* for the appellant.

*Withrow, Gatch & Wright* for the appellee.

BECK, Ch. J. — On the 4th day of January, 1871, certain lands owned by William McConkey were sold to B. F. Allen, upon a judgment against him in favor of the Des Moines Branch of the State Bank of Iowa. Plaintiff held certain judgments against McConkey, either as the

assignee or plaintiff therein, all junior to the judgment just mentioned, upon which the lands were sold. On the 4th day of October, 1871, for the purpose of redeeming, under his judgment, from the execution sale, he deposited, as he claims, money sufficient for that purpose with the clerk of the court out of which the execution had issued. He caused the fact of deposit, for the purpose of redemption, to be entered upon the sale book, and filed an affidavit of the amount due him upon his several judgments, and proposed to take the land in full satisfaction of all his liens, by judgment, thereon.

Defendant held, either as plaintiff or assignee, prior to the 4th day of October, 1871, certain judgments against McConkey, several of them senior to the judgments of plaintiff, and all of them junior to the judgment upon which the land of McConkey had been sold. On the 22d day of July, 1871, defendant purchased and took an assignment of the certificate of sale made to Allen. Subsequently to this assignment, in the months of July, August and September, the judgments referred to above were assigned to him and the fact noted upon the several proper records thereof. Defendant also held certificates of purchase at sheriff's sale of the land, made under two several judgments against McConkey, both junior to the judgment in favor of the bank, and both senior to all of plaintiff's judgments. On the 5th of October, 1871, defendant caused the assignment made to him of the sheriff's certificate by Allen, to be noted upon the proper sale book in the clerk's office from which the execution had issued.

Plaintiff claims that he is entitled to redeem upon the payment made by him, as above stated, to the clerk of the amount of the certificate issued to Allen, without regard to the other judgments and certificates of sale held by defendant. On the other hand, defendant claims that redemption from the sale under which the certificate held by him was issued, may be made only upon payment of

the amount of the liens held by him as the plaintiff and assignee of the judgments and holder of certificates of sale as above stated.

The questions presented for our determination involve the construction of sections of the Revision (3332–3350), providing for and regulating redemption of real estate from sales and judgments by holders of liens against the same property. The task thus imposed upon us is one of great difficulty, and cannot be performed without leaving grave doubts of the correctness of the conclusion reached. This results from the inherent obscurity of the sections to be construed, which, in our judgment, is rivaled in no statutes that have fallen under our observation excepting Revision, sections 2488–2493, being the act respecting aliens of March 24, 1858. All these sections, as well as those involved in this case, are philological monstrosities, illustrating how successfully ideas may be obscured by language.

We premise by saying that the construction as given to the statute under consideration is by no means the only one authorized by its language; and, while it may be no more satisfactory, considering the language of the act alone, the rules of law discovered thereby will, in their application, best effectuate right. For this reason we now readily adopt it.

Upon the sale of land on execution, after the expiration of six months, any lienholder, by judgment or mortgage, may redeem from the sale. After such redemption is made, other creditors, having such right, may redeem from the creditor making such redemption by paying the amount expended by him, together with the amount of his lien. A senior judgment creditor, on redeeming from a junior, is required to pay only the amount of the liens paramount to his own. A junior may prevent redemption by a senior, by paying his paramount lien. Such payment, it is provided, may be made to the clerk of the court

wherein judgment was rendered. It is also provided that a junior judgment creditor may redeem from a senior creditor by paying to the creditor, or to the sheriff or clerk, if execution has been issued upon the older judgment, the amount thereof. It is provided that, whenever a senior creditor redeems from a junior, " the latter may in turn redeem from the former, and so on as often as the land is taken from him by a paramount lien." Redemption is to be made under these rules within nine months after the sale; such right of redemption by creditors does not accrue until the expiration of six months after the sale. See Rev., §§ 3332–3341.

Thus far no provision is found as to the mode of redemption other than that, in certain cases, as above stated, payment is to be made to the clerk or sheriff. After the expiration of nine months the right of redemption on the part of creditors from one another still exists, but the manner thereof is pointed out. The redeeming creditor, after the expiration of nine months, is required to enter upon the sale book the " utmost amount " he is willing to credit on his claim. Unless he do this his claim will be held to be extinguished, if a deed be made to him for the lands. After this the creditor redeeming from him will be required to pay the amount paid by the first, together with the sum indicated in the entry on the sale book. The second party redeeming is required to make the same entry in the sale book, with like consequences in case of failure so to do. Subsequent redemptions may be made in the same way. §§ 3342–3347. It is next provided that the mode of making redemption is by paying the money into the clerk's office. The party making the redemption is required to file an affidavit stating the amount unpaid and due on his claim. § 3348. Do these last provisions apply to all redemptions authorized, or only to those made after the expiration of nine months from the day of sale ? We are of the opinion that they

Goode v. Cummings.

are applicable to the last named only. Their general terms will permit them to cover all transactions under the provisions we have been considering. But, in certain cases before provided for, payment is contemplated or directed to be made either to the party, the clerk or sheriff. The provisions in question cannot, therefore, be extended to those cases, and are not, therefore, general in their operation. Before the expiration of nine months, it appears that the redemption is performed by the parties themselves without the aid of the clerk — without the transaction being of record. After the nine months the transaction is made of record by the clerk, and the money required for redemption is paid into his office for the use of the party entitled thereto. The evidence of the transaction in the first case is a proper transfer of the certificate of sale (Rev., § 3350), and in the last case the entry upon the sale-book. This construction appears to us to be supported by reason.

The defendant in this case, if his purchase of the certificate of sale, and the assignment thereof, was in fact a redemption, after the expiration of nine months, had ten days to file his statement required by section 3345. If he had failed to do this his liens would have been discharged, as provided in section 3344. After the expiration of ten days plaintiff could have redeemed from him, paying the amount indicated by the statement, if one had been filed, or the whole amount of defendant's liens, if he had filed no such statement. The omission of defendant to file such statement could not prejudice the right of plaintiff to redeem, nor would it defeat the right of the judgment debtor to demand the extinguishment of all of defendant's claims. The law would then operate equitably toward all parties concerned.

It follows from these views that Cummings, the defendant, was authorized to redeem by payment of the proper amount to the holder of the certificate of sale, and that

having done so he is to be regarded as a redemption creditor. Plaintiff was required to redeem in the same way, viz. : by payment of the money to the creditor and taking an assignment of his certificate and judgments. § 3350. But at the time he undertook to redeem, which was before the expiration of nine months, the defendant had redeemed. That defendant had redeemed plaintiff would have readily ascertained in making proper efforts to redeem under his own judgment. Had he applied to Allen for that purpose he would have been advised that defendant was the holder of the certificate. From him he was required to redeem by the payment of the amount due on the certificate of sale, with the amount of the proper liens held by him. § 3336. These views are supported by *Wilson* v. *Conklin*, 22 Iowa, 452.

It follows, from these conclusions, that the judgment of the district court must be

Affirmed.