JONES v. HARTSOCK ET AL.

1. **Mechanic's Lien**: FORECLOSURE: RIGHTS OF JUNIOR LIEN HOLDER. The holder of a junior mechanic's lien cannot be prejudiced by a foreclosure to which he is not made a party; he may afterwards maintain a suit in equity to redeem.

2. ——: ——: TIME OF FILING LIEN. That the junior lien was not filed until after the action of foreclosure was commenced, although before the expiration of ninety days, will not impair the rights of the junior lien holder.

3. ——: ——: TENDER. Where the amount necessary to redeem was not known to the junior lien holder at the time of the commencement of the action to enforce the right to redeem, a tender is not a necessary condition precedent to the enjoyment of that right.

*Appeal from Johnson District Court.*

WEDNESDAY, DECEMBER 15.

ON the 18th day of December, 1874, the plaintiff filed his petition for judgment for the value of various articles of mer-

42 147
94 552
42 147
d107 721
42 147
143 634

chandise furnished the defendant, James R. Hartsock, and which were used in remodeling and improving certain buildings in the petition described, and asking the enforcement of a mechanic's lien against the property. The petition alleges that the defendants, Dey, have some interest in the property, and offers to redeem from them by paying off all the liens which they hold, which are superior to plaintiff's. The defendants answered alleging that Peter A. Dey is the owner of the premises, and denying plaintiff's right to redeem.

The cause was tried by the court and judgment was rendered against the defendant, Hartsock, for the sum of $285.18.

The counsel for the respective parties agreed upon the facts, which are substantially as follows:

About June 13th, 1872, the plaintiff entered into an oral agreement to furnish the defendant, James R. Hartsock, the materials set out in the petition. The materials were furnished at the dates, and were of the value alleged in the petition, and were used in the erection of the St. James Hotel, described in the petition. The last item of plaintiff's account is dated September 30th, 1872; and he filed his mechanic's lien December 28th, 1872. On the 26th of December, 1872, Boarts & Swain commenced suit on a mechanic's lien which they had previously filed against said property, making various other lien holders, both prior and subsequent, parties defendant; whose liens, including that of Boarts & Swain, amounted to $12,652.60. On the 2d of June, 1873, judgment was entered in said cause in favor of the plaintiffs and each of the defendant lien holders, against the defendant Hartsock, and it was ordered that they be paid in the order of the filing of their respective liens, and that execution issue at the instance of any of the judgment creditors. All the liens and judgments mentioned in the Boarts & Swain decree have been assigned to Peter A. Dey. On the 26th of July, 1873, the property was sold at sheriff's sale, under the foreclosure of the lien of Boarts & Swain, and Dey became the purchaser for $10,500. The sum bid, after satisfying the costs, was applied to the discharge of the respective liens, in their order, leaving more than $2,200 in amount of the liens unsatisfied.

The property was sold subject to redemption, and after the expiration of one year from the date of sale, no redemption having been made by any one, Dey took a sheriff's deed of the premises, and he now holds the title so acquired. All the liens named in the decree, and which were satisfied by the sale to Dey, are prior to that of plaintiff. All the unsatisfied liens, named in the decree, were also prior to that of plaintiff, except three, amounting together to a little over $1,200.00. The plaintiff in this case was not a party to, nor served with notice of, the suit of Boarts & Swain. All the other parties named in the decree were parties, and their rights were foreclosed. The defendant Hartsock was the owner of the said St. James Hotel property at the time of making the contract with plaintiff, and when plaintiff furnished the materials mentioned. Plaintiff commenced this action within two years after filing his mechanic's lien.

Upon these facts the court announced his conclusions of law, as follows:

"The conclusion of law on this question is that, as the plaintiff's lien has not been foreclosed, he has the right to redeem, or, as Dey has the title under the Boarts & Swain foreclosure, he may extinguish the plaintiff's lien by paying it off. The decree will be that Dey have the privilege of paying off the plaintiff's claim, being the sum of $253.28, with interest at six per cent from April 1st, 1873, and also the costs of this suit. If this be not done in ten days, then the plaintiff to redeem by paying all liens prior to his own."

A decree was entered in accordance with this direction. The defendants, Dey and wife, appeal.

*C. T. Ransom*, for appellants.

The filing of the account by the mechanic creates merely an *inchoate* right, which requires the judgment of a court to make it a lien. (*Lovett v. Brown*, 40 N. H., 511.) The plaintiff could only redeem from the sale under the foreclosure of the senior liens, within the year. (*State v. Eads*, 15 Iowa, 114; Revision of 1860, § 3333; *Howard v. Robinson*, 5 Cush.,

119.) No equity of redemption exists in mechanic's lien cases. (*State v. Eads, supra; Shields v. Keys,* 24 Iowa, 299.) Aside from the statute and in equity, no one could redeem unless interested in the estate. (*Huston v. Seeley,* 27 Iowa, 183; *Grant v. Duane,* 9 Johns., 590.) Plaintiff should have put himself in condition to secure his claim by suit and judgment, or by application to be made a party to the action foreclosing the earlier liens. Failing to do this he cannot now complain. (*Howard v. Robinson, supra.*) No claimant of any interest in the property need be made a party to a foreclosure proceeding, unless his claim is recorded or notice given of it before the suit is commenced. (*Clark v. Connor,* 28 Iowa, 311.)

*Slater & Edwards,* for appellee.

A mechanic's lien is a claim, attaching at the commencement of his work. (Code § 2142; *Monroe v. West,* 12 Iowa, 119; *Jones v. Swan,* 21 Iowa, 181.) Persons interested in the matter in controversy and not made parties are not bound by the proceedings. (*Evans v. Tripp,* 35 Iowa, 371; Revision of 1860, § 1858 ) Plaintiff's rights are the same as if he had filed his lien upon the day when he furnished the last of his materials and, in contemplation of law, all the world had notice of the existence of the lien for ninety days thereafter, although no lien was filed. (Code, § 2137; Revision of 1860, § 1858.) Defendant Dey, by resisting plaintiff's right to redeem, waived whatever objection might have been based upon the failure to make tender. (*Anson v. Anson,* 20 Iowa, 55; *Vanderkamp v. Shelton,* 11 Paige, 28.)

DAY, J.—I. Appellant claims that the plaintiff had no right upon which to base a redemption, until he recovered his judgment against Hartsock, which was not obtained until the decree appealed from was entered. In support of this position appellant cites the Revision, section 3333, Code of 1873, section 3103. This section occurs in the chapter relating to sales under execution, and refers to a redemption from such

sale. It provides that any creditor of the defendant whose demand is a lien upon the real estate sold may redeem the same at any time within nine months from the day of sale. But a mechanic's lien, before judgment thereon, is not of such character as to entitle the holder to redeem. This section recognizes the fact that the claim of the mechanic, properly filed, is a lien, but not of such a character as to entitle the holder to redemption until he recovers judgment. Appellant also cites the next section, 3334 of the Revision, 3104 of the Code, as defining the classes of persons who may redeem, and by implication excluding the holder of a mechanic's lien. This section also refers to redemption from sale. The plaintiff's right to redeem is not connected with nor dependent upon the sale. If it exists at all it is based upon the broad equitable ground that he holds a lien upon the property which has not been cut off by foreclosure. His right to redeem would have been as complete, and the necessity for redemption would have been as great, if no sale had been made. The sections quoted and relied upon do not affect this right.

II. Appellant further insists that under the Revision, sections 1857 and 4183, the action for the establishment of a mechanic's lien is at law, and that it cannot be claimed that Jones should have been made a party to the Boarts & Swain suit, especially as no notice of his claim was given, and it was not filed until two days after the Boarts & Swain action was commenced. Section 1858 of the Revision provides: "In all suits under this act, the parties to the controversy shall, and all other parties interested in the matter in controversy, and in the property charged with the lien may, be made parties, but such as are not made parties shall not be bound by any such proceedings."

Appellant insists that this section must be construed in connection with sections 3333 and 3334 before cited. We 1. MECHANIC'S have already seen that these sections apply to junior lien redemption from sale under execution simply, and holder: foreclosure. that they have no application to this action. They in no way affect the construction of section 1858. It is further claimed that Jones was not interested, in the sense of this sec-

tion, that it requires an interest both in the controversy and in the property charged with the lien. Such a construction cannot be admitted. It refers to classes of persons who are not affected by the proceedings, unless made parties. These are all persons interested in the controversy, and all persons interested in the property charged with the lien. In *Evans v. Tripp*, 35 Iowa, 371, it was held under this section that the rights of a junior mortgagee were not affected by the foreclosure of a mechanic's lien to which he was not made a party. This case refers to *State v. Eads*, 15 Iowa, 114, and *Shields v. Keys*, 24 Id., 298, cited by appellant, and shows their inapplicability to this section. If a junior mortgagee is so interested in the controversy and in the property, that he has rights which are not affected by a foreclosure of a mechanic's lien to which he is not made a party, no satisfactory reason can be given why the holder of a junior mechanic's lien is not equally interested. The fact that plaintiff did not file his lien until two days after Boarts & Swain commenced their action is not material.

Section 1851 of the Revision, as amended by Chapter 111, Ninth General Assembly, provides that the lien shall be filed within ninety days after all the material shall be furnished or work done, but that a failure to file within the ninety days shall not defeat the lien, except as to purchasers or incumbrancers in good faith, whose rights accrue after the ninety days and before the lien is filed. The spirit of this provision is that the mere furnishing of material is notice to all the world for ninety days that a lien is, or may be, claimed and all persons who acquire any rights in the property during the ninety days take them subject to the prior right of the mechanic or material man to his lien. None of the parties to the Boarts & Swain action acquired any rights after the expiration of the ninety days and before the lien was filed. The Boarts & Swain action was commenced eighty-six days after plaintiff furnished the last item of his account, and two days thereafter, the plaintiff filed his claim for a lien. Boarts & Swain were affected with knowledge of plaintiff's rights, and they should have made him a party to their action

*2. —— : —— :*
*time of filing*
*lien.*

if they intended to cut off or affect his lien. Our attention is called to the fact that section 1858 of the Revision is not contained in the Code of 1873. That is not material. Boarts & Swain prosecuted their suit under the Revision, and the respective rights of the parties were fixed before the Code was enacted. These rights are preserved by section 50 of the Code.

Besides, under the Code, section 2510, the action to enforce a mechanic's lien is by equitable proceedings, and all parties interested may be made parties, independently of section 1858, and must be made parties before they can be affected by the decree.

III. Appellant further urges that the amount necessary to redeem is fixed, and that no reason is stated why a tender thereof was not made. The amount is fixed by the decree, but it is not shown that it was definitely known when the action was commenced. Besides, we do not think that a tender, under the circumstances of this case, is a condition precedent to the right to institute the suit. It is quite reasonably apparent that a tender would have done no good, for the right to redeem is denied in the answer, and the whole controversy in the case regards the existence of that right. A court of equity, having control over the whole subject, may so mould the decree as to costs, and the conditions under which relief will be granted, as to fully guard and protect the interests of all parties. There is not the same necessity for tender in actions in equity as at law. See *Hayward v. Munger*, 14 Iowa, 516; *Laverty v. Hall's Adm'x*, 19 Id., 526; *Anson v. Anson*, 20 Id., 55, and cases cited. We are fully satisfied with the decree below. As the time fixed by the court below for the payment of plaintiff's claim by defendant has elapsed, a new day must be fixed for that purpose. A time should also be prescribed within which plaintiff shall redeem, or be barred of his rights.

A decree will be entered directing that the defendant, Dey, have the privilege of paying off the plaintiff's claim and costs, within thirty days from the rendition of the decree. If this be not done within the time prescribed, then the

plaintiff shall redeem from Dey within sixty days thereafter, by paying off all liens prior to his own, as shown by the decree in the case of *Boarts & Swain v. James R. Hartsock*, and in the event of the failure of plaintiff to so redeem, all his interest in or lien upon the premises shall be barred and foreclosed.

The plaintiff may have final decree in this court, if he so elect.

AFFIRMED.