## SPINK v. McCALL.

1. **Practice:** PLEADING: AMENDMENT. The court may, in its discretion, allow amendments to the pleadings after a decision has been announced in the case, and a memorandum thereof made on the calendar.

2. **Mechanic's Lien:** REDEMPTION FROM JUDICIAL SALE: JUDGMENT. Where in proceedings to establish a mechanic's lien against property which had been sold under a decree of foreclosure, since the claim accrued, the mortgagor and his wife, who had parted with the equity of redemption, were the only parties defendant, it was held that the judgment would not authorize the holder of the claim to redeem from the foreclosure sale.

*Appeal from Scott District Court.*

THURSDAY, DECEMBER 4.

C. H. ELDRIDGE was the owner of part of a lot in the city of Davenport, and on the 8th day of June 1875, he executed a

mortgage thereon to the defendant McCall to secure the payment of $800. Said Eldridge afterward employed the plaintiff Spink to do certain painting upon the house and fence, on said premises, which work was completed June 25, 1875. On the 9th day of July, 1875, said Eldridge made a general assignment of all his property, including said premises, to one D. Stephenson for the benefit of his creditors, and on the 1st. day of October, 1875, he conveyed the said real estate to said Stephenson by deed, duly executed and filed for record in the proper office. On the 10th day of July, 1875, Spink filed his claim for a mechanic's lien for $77 against Eldridge, and against Stephenson as assignee of Eldridge, and against said premises. On March 4, 1876, McCall commenced an action to foreclose her mortgage, making said Eldridge, Stephenson, and Spink, parties defendant, and in the same month she recovered a judgment against Eldridge for $944, and a decree of foreclosure against all of said defendants, and decreeing that whatever interest Spink had in the premises was junior to the lien of her mortgage. On the 24th day of June, 1876, the said premises were sold on special execution issued on said decree, and said McCall became the purchaser for the sum of $400, and she received a certificate of sale from the sheriff. On the 5th day of August, 1876, Stephenson, assignee, in pursuance of an order of court, sold all the real estate conveyed by Elddridge to him at public sale, and McCall became the purchaser of the premises in controversy for the sum of $41, thereby acquiring all the interest of Stephenson, assignee; and she has held the possession of the premises ever since.

Spink commenced an action to foreclose his mechanic's lien on the 16th day of November, 1876, and in his petition named Stephenson, Eldridge, and McCall, as parties defendant. No attempt was made to serve Stephenson and McCall with notice of the action, and they were never made parties thereto. Eldridge and his wife accepted service of notice, but made no appearance nor defense, and on the 11th day of December, 1876, a personal judgment was rendered against Eldridge for the amount of the mechanic's lien, and a decree of foreclosure entered against the property.

On the 24th day of February, 1877, Spink attempted to redeem from the McCall foreclosure sale, and tendered to the clerk of the court the sum of $427 for that purpose, which tender was refused by the said clerk. On the same day Spink made a tender of $427 to McCall, and demanded of her an assignment of the certificate of sale, which was refused by her; and on the same day he deposited with said clerk the said sum for the use and benefit of McCall, and commenced this action to redeem the premises from the foreclosure sale.

The defendant McCall answered, denying plaintiff's right to redeem because neither Stephenson, who held the legal title to the premises, when the plaintiff filed his lien, nor McCall, who held the legal title at the time plaintiff commenced his action to foreclose his mechanic's lien, were in any manner served with notice of said action. Plaintiff filed an amendment to his petition on the 22d day of September, 1877, setting forth that one year had elapsed from the day of sale, and that by reason thereof he had become the owner of the premises, and demanded the possession thereof. The defendant afterwards amended her answer, claiming that she had absolute title because her purchase from Stephenson during the six months next succeeding the sale operated as a redemption from the sale, and cut off all right to redeem by lien holders.

The cause was tried and submitted to the court at the February term, 1878, and a decision made that the plaintiff was entitled to a decree as prayed. A memorandum of the decision was entered by the judge in the calendar of causes. At the same term the defendants filed a motion for leave to amend, by praying leave to pay off plaintiff's claim or redeem from the plaintiff as provided by the statute in case the plaintiff is permitted to redeem from defendant as prayed in his petition. This motion for leave was continued to the next term, when it was sustained, and the answer was amended accordingly. The defendant still insisted, however, that the plaintiff had no legal right to redeem, but she tendered the necessary amount therefor in case she should be required to redeem. The plaintiff replied, denying the right of defendant to redeem, because the right of redemption expired June 24, 1877. The cause

was again submitted to the court, and a decree was entered allowing the defendant to redeem from the mechanic's lien, and requiring the defendant to pay to the plaintiff, in addition to the amount due on the lien, ten per cent per annum interest on the money deposited by Spink with the clerk in redemption, while it so remained on deposit.

The plaintiff appeals from the order sustaining the motion for leave to amend and from the decree allowing the defendant to redeem. The defendant appeals from so much of the decree as requires her to pay ten per cent per annum interest on the deposit with the clerk, made by the plaintiff, and from that part of the decree which allowed the plaintiff to redeem from defendant.

*W. H. Wilson* and *S. L. Glaspell*, for plaintiff.

*Clark & Heywood*, *Rose & Linsley* and *Bills & Block*, for defendants.

ROTHROCK, J.—1. It is urged that there should be a reversal of the decree because the court erred in entertaining a motion to amend the answer at the February term, 1878, and after the decision was announced and a memorandum thereof made on the court calendar. We are unable to discover that this was an abuse of the discretion of the court. When the motion was interposed no decree had been entered. The motion was made at the same term at which the decision was made. Even the record entries of the court may be amended, or any entry expunged, at any time during the term at which it is made. Code, section 178. Of course this must be for sufficient cause. If in this case it fairly appeared to the court that the ends of justice would be more nearly attained by entertaining the motion, such action was not erroneous.

1. PRACTICE: pleading: amendment.

II. The Code, section 3103, provides that "a mechanic's lien, before judgment thereon, is not of such a character as to entitle the holder to redeem." Did the plaintiff have such a judgment as entitled him to make statutory redemption? He had a judgment

2. MECHANIC'S lien: redemption from judicial sale: judgment.

against Eldridge for the amount of his claim and a decree of foreclosure as against Eldridge, establishing his lien upon the property. But Eldridge had no interest whatever in the property at the time the plaintiff commenced his action upon his lien. McCall, by her conveyance from Stephenson, assignee, was the owner of the equity of redemption. The judgment and decree was of no validity as against the owner of the equity of redemption, because she was not a party thereto. The whole proceeding was no more in effect than a simple judgment against Eldridge for the amount due to the plaintiff. We think something more than this is contemplated by the statute before the holder of a mechanic's lien is entitled to redeem under the statute. There must be a judgment which establishes the lien against the specific property. This cannot be made effectual without making the proper parties. As the defendant was the only party in interest, and Eldridge had no ownership whatever in the property, no lien could be established thereon without making the defendant a party. It is provided by section 2510 of the Code that the action for mechanic's lien shall be prosecuted by equitable proceedings. By section 3103, to entitle the lien holder to redeem, there must be a "judgment thereon," that is, upon the mechanic's lien, not a mere money judgment for work and labor, or materials, but a judgment applying the lien to its subject, ascertaining and determining the property upon which it shall be operative. This it is declared shall be prosecuted by equitable proceedings. If a judgment for a mere money demand were sufficient to authorize a statutory redemption, it might well be inquired, why require that the proceedings shall be in equity?

The plaintiff is not entitled to redeem upon equitable considerations. The case is not within the rule of *Jones v. Hartsock*, 42 Iowa, 147, where it is held that the right of the holder of a junior mechanic's lien cannot be prejudiced by a foreclosure to which he was not a party, but that he could afterwards maintain a suit in equity to redeem. In the case at bar the plaintiff was made a party defendant to the foreclosure of defendant's mortgage. He should then have asserted his right to a lien, or in his subsequent action against Eldridge

he should have made the holder of the equity of redemption a party, to the end that he might have had judgment not only against Eldridge, but against the property, upon his mechanic's lien.

It follows that the decree must be reversed upon defendant's appeal.

REVERSED.