GEORGE v. HART.

1. **Judgment Sale:** REDEMPTION: JUDGMENT CREDITORS. The right of judgment creditors to redeem from an execution sale of property of their debtor becomes barred in nine months from the date of the sale, unless exercised by some creditor within that time.

*Appeal from Madison District Court.*

FRIDAY, OCTOBER 21.

ACTION to enforce a redemption from a sheriff's sale of real estate upon certain judgments. There was a demurrer to the petition, which was sustained. The facts will appear in the opinion. The plaintiff appeals.

*McCaughan & Dabney*, for appellants.

*John Leonard*, for appellee.

ROTHROCK, J.   On September 13, 1878, two judgments

George v. Hart.

were recovered in the District Court of Madison county

<div class="margin">t. JUDICIAL sale : redemption : judgment creditors.</div>

against one Horton. On the 13th day of December, 1879, the sheriff of said county sold certain real estate in satisfaction of said judgments. The sales were subject to redemption, and the defendant Hart was the purchaser. October 30, 1879, the plaintiff herein recovered judgment against said Horton. On the 30th day of April, 1880, the defendant Hart recovered a judgment against Horton, which was made a special lien upon certain other real estate, which was sold by the sheriff on the 19th of June, 1880, for the amount of the judgment excepting about five dollars. On the 13th day of December, 1880, the plaintiff herein deposited with the clerk of the court the amount claimed to be necessary to redeem from the sales to the defendant, and filed with the clerk his affidavit stating the amount still unpaid and due upon his own claim, and at the same time caused it to be entered upon the record of the sales aforesaid that he was willing to take the land at the full amount paid in redemption, and in addition thereto credit the sum of $150 upon his own judgment. The defendant refused to accept the money deposited with the clerk in redemption.

The only question presented by these facts is, had the plaintiff the right to redeem from the sales to the defendant. It will be observed that plaintiff made the deposit, claiming the right to redeem, one year from the day of the sale.

Section 3102 of the Code provides that the defendant may redeem real property at any time within one year from the day of sale. Section 3103: "For the first six months after such sale his right to redeem is exclusive, but if no redemption is made by him, at the end of that time any creditor of the defendant, whose demand is a lien upon such real estate, may redeem the same at any time within nine months from the date of sale * * * ." It appears from these sections that if no redemption be made by any creditor within nine months such right is extinguished and no redemption can thereafter be made by any one excepting the judgment debtor.

§ § 3104 to 3111 contain provisions for creditors redeeming from each other.  Sec. 3112 is in these words: "After the expiration of nine months from the day of sale the creditors can no longer redeem from each other except as hereinafter provided; but the defendant may still redeem at any time before the end of the year as aforesaid."  Counsel for appellant contends that the redemption "hereinafter provided" in § 3112 is found in § 3118, which is as follows: " The mode of making the redemption is by paying the money into the clerk's office for the use of the persons thereto entitled.  The person so redeeming, if not defendant in execution, must also file his affidavit, or that of his agent or attorney, stating as nearly as practicable the amount still unpaid and due on his own claim."

It appears to us this is a provision applying to redemptions generally.  It merely provides the mode or manner by which a redemption may be made at any time and by any one entitled to redeem.  Sections 3113 to 3117, inclusive, point out and state the exceptions to 3112.  We are clearly of the opinion that as no creditor redeemed from the sale within nine months the right to make redemption after that time was lost.  Something is claimed from the fact that the defendant herein was a junior judgment creditor, as well as a purchaser.  We think this cannot be held to extend the time for redemption.  If no redemption by a creditor be made within nine months none can be made after that time.  The ball must be set in motion, so to speak, within the time prescribed by the statute.

AFFIRMED.