NEWELL v. PENNICK ET AL.

62 123
94 552

1. **Redemption from Judicial Sale:** RIGHT OF AS BETWEEN JUNIOR AND SENIOR LIEN-HOLDERS: STATUTORY AND EQUITABLE RIGHT. A junior lien-holder has no right under the statute to redeem property sold at judicial sale after nine months subsequent to the date of sale; but where the sale was under the foreclosure of a mortgage, to which the junior lien-holder was not made a party, he had the right in *equity* to redeem from the sale, and the mortgagee, who was the purchaser at the foreclosure sale, had the right also to redeem from the junior lien-holder, by paying him the amount upon which his claim was based.

*Appeal from Lucas District Court.*

TUESDAY, DECEMBER 4.

ACTION IN EQUITY. Judgment for plaintiff, and defendants appeal.

*Stuart Bros.* and *Mitchell & Pennick,* for appellant.

*Perry & Townsend,* for appellee.

SEEVERS, J.—In 1878, one Scott and wife executed a mortgage on real estate, which was duly foreclosed, and a special execution issued, under and by virtue of which the plaintiff, on the twenty-second day of October, 1881, became the purchaser of the real estate, subject to the right of redemption.

In 1879, one Brown recovered a judgment against Scott, which was a lien on the real estate, junior to that of the mortgage.

Brown was not made a party in the action brought to foreclose the mortgage. On the twenty-third day of October, 1882, the defendant, Pennick, was the owner of the Brown judgment, and on that day sought to make statutory redemption from the plaintiff by paying the required amount of money to the clerk. The sheriff recognized such right, and conveyed the premises to Pennick.

On the twenty-seventh day of October, 1882, the plaintiff

presented his certificate of purchase to the sheriff and de-
manded a deed, which he refused to execute, because of the
redemption by and conveyance to Pennick, as above stated.
On the same day the plaintiff tendered to Pennick the
amount due on the Brown judgment, and paid the same to
the clerk for his use.

This action was brought to set aside the conveyance to
Pennick, to set aside the redemption proceedings, and com-
pel the sheriff to execute a conveyance to the plaintiff. The
relief asked by the plaintiff was granted, but Pennick was
allowed to recover the money paid the clerk on the Brown
judgment.

The important question discussed by counsel is, whether
Pennick had the right to make statutory redemption at the
time he did. The appellant, in support of such right, cites
Code, § 3321; *Jones v. Hartsock*, 42 Iowa, 147; *Wright v.
Howell*, 35 Id., 288; *Montgomery v. Chadwick*, 7 Id., 114;
*Ten Eyck v. Casad*, 15 Id., 524; and *Johnson v. Harmon*,
19 Id., 56.

We understand that the right of a junior lien-holder, not
made a party to the foreclosure of a mortgage, to make statu-
tory redemption therefrom within nine months after a sale
of the premises under the foreclosure proceeding, is con-
ceded. It is only his right to do so after that period which
is denied, and this position was affirmed by the court.

None of the cases above cited have reference to statu-
tory redemption. But some or all of them hold that a
junior lien-holder, not made a party to the foreclosure pro-
ceeding, may redeem in equity after the statutory period has
expired.

Section 3321 of the Code simply declares that the right
to make redemption from the foreclosure of a mortgage, and
a sale thereunder, exists, and may be exercised in the same
manner as sales of real estate under general execution on
judgments at law.

Statutory redemption must be made, it is obvious, within

the time and in the manner prescribed by statute. The defendant in execution may redeem within one year from the sale. This right for the first six months is exclusive, but if he fails to exercise such right, then any creditor may redeem at any time after six and within nine months after the sale. Unless the defendant in execution redeems within twelve months after the sale, the purchaser is entitled to a conveyance. Code, § § 3102 and 3103.

There is no provision of the statute which authorizes a creditor or lien holder to redeem after the expiration of nine months from the sale of the real estate. As the defendant did not make redemption until after that period had expired, what he did was without legal force or effect, and the court correctly set aside the same, and the conveyance based thereon. The right, however, of Pennick to make redemption in equity existed, and if this proceeding is regarded as a proper exercise of such right, then the plaintiff in equity could redeem from him. This the plaintiff in substance did by paying the amount of the judgment on which Pennick's right is based.

AFFIRMED.