## WOONSOCKET INST. FOR SAVINGS *v.* GOULDEN and others.

*(Circuit Court, S. D. Iowa, W. D. September Term, 1886.)*

MORTGAGE—SUCCESSIVE REDEMPTIONS FROM FORECLOSURE SALE—RIGHTS OF CREDITORS—CODE IOWA, §§ 3112–3117.

Under Code Iowa, §§ 3112–3117, when one lien creditor has redeemed property from a foreclosure sale within nine months thereafter, another creditor cannot redeem from him after the nine months, and before the expiration of a year, unless the former makes the entry in the sale-book provided for by section 3115, naming the utmost amount he is willing to credit on his claim; at least, without paying all liens upon the property held by the first-mentioned redemptioner, whether junior or senior to his lien.

In Equity. Bill for foreclosure of mortgage.

*Anderson, Davis & Hagerman,* for defendant Dillon.

*Sapp & Pusey*, for defendant Officer.

SHIRAS, J. On the sixth day of November, 1883, James P. Goulden and wife executed two mortgages upon certain real estate in the city of Council Bluffs, Iowa, and on the seventeenth of January, 1885, this suit was commenced for the purpose of foreclosing the mortgages, the same having become the property of complainant. Thomas Officer, trustee, who holds a junior mortgage upon the property, and C. D. Dillon, who is the owner of judgments against the mortgagor, Goulden, were made parties defendant with the mortgagors in the suit. On the eighth day of May, 1885, a decree of foreclosure was entered, and F. M. Hunter was appointed a special master to make the sale of the premises; and on the twentieth of June, 1885, he sold the mortgaged property, under the decree, to the complainant for the sum of $2,470.10, and executed a certificate of purchase in the usual form. March 20, 1886, Dillon redeemed the property, paying to the clerk the sum of $2,681.90. On the twenty-seventh of March, Officer, claiming the right to redeem from Dillon, paid into the clerk's hands the sum of $2,686.76.

April 1, 1886, the complainant sent the certificate of purchase executed by the master to the clerk, with an assignment thereof in the following words: "To the party entitled thereto." The special master, being in doubt as to the rights of the parties, has, by his report, submitted the question to the court as to which of the parties is entitled to the certificate, and to the deed to be made in pursuance thereof.

The defendant Dillon, on the eighth day of July, 1886, filed a petition in the case, setting forth the fact that he held judgment liens upon the property for $296.46, and interest, the lien dating from May 12, 1884, and that he had legally redeemed the property from the foreclosure sale, by paying to the clerk, as already stated, the sum of $2,681.90; that Officer, who holds a mortgage junior to those owned by complainant, but prior to the lien of the judgments owned by the petitioner, Dillon, the amount due on the junior mortgage being $8,792.80, had paid to the clerk of the court, on the twenty-seventh of March, 1886, the sum of $2,686.76, being the amount and interest paid by Dillon to redeem from the foreclosure sale, not including the amount of the judgments held by Dillon; and claimed, by reason of such payment, to have redeemed said premises, and to be entitled to the deed; which claim the petitioner, Dillon, denies, and prays an order directing the master to execute the deed to him.

To this petition Officer filed an answer, claiming that he has perfected the redemption of the premises, and is entitled to the deed; and further praying that if it be held that he should, in redeeming, have paid the amount of the judgment liens held by Dillon, that he may be permitted to pay the same, and thereby complete the redemption attempted by him.

On behalf of Dillon, it is claimed that Officer had no right to redeem the premises, and that his attempt to do so is nugatory; and, further, that, if the right to redeem existed, he was required to pay the amount of Dillon's judgments in addition to the same due complainant; and that, having failed to pay the full amount required, no redemption was in fact made; and that the court cannot extend the time for redemption, by permitting him to hereafter make payment of the requisite amount.

Under this state of facts, had Officer, on the twenty-seventh day of March, 1886, the right to redeem the premises from Dillon? It will be noticed that Dillon had not, within ten days after the expiration of nine months from the day of sale, or at any time, entered upon the sale-book the utmost amount he was willing to credit on his claim, as provided for by section 3115 of the Code. On behalf of Dillon, it is argued that as section 3112 declares that, "after the expiration of nine months from the day of sale, the creditors can no longer redeem from each other, except as hereinafter provided," the right of redemption on behalf of other creditors terminated at the end of the nine months, unless it be held that the fact that Dillon redeemed from the sale to complainant within the nine months reopened the right of redemption between creditors after the expiration of the nine months.

In *George* v. *Hart*, 56 Iowa, 706, S. C. 10 N. W. Rep. 265, the supreme court of Iowa held that, if no creditor redeemed during the nine months, the right to redeem after the nine months was barred as to all creditors, and that the exception provided for in section 3112 is limited to the cases pointed out in sections 3113 to 3117, inclusive. To the same effect is the ruling in *Newell* v. *Pennick*, 62 Iowa, 123; S. C. 17 N. W. Rep. 432. Under the rulings made in these cases, the law is settled to be that all lien creditors may redeem from the sale, and from each other, during the period beginning with six and ending nine months after the day of the sale; that if no creditor redeems during this period ending with the nine months, then all right of redemption on part of creditors is at an end; that if a creditor redeems from the sale during the nine months, then, after the expiration of the nine months, the right of redemption by creditors is governed by sections 3113 to 3117, inclusive.

Under what circumstances, then, can creditors redeem from each other, under the provisions of these sections? The debtor's right of redemption, whether from the sale or a redeeming creditor, continues for a year from date of sale. The right of creditors to redeem from the *sale* terminates absolutely in nine months. If no creditor redeems from the sale within nine months, then the purchaser at the sale, as against the creditors, is entitled to hold the property, and no creditor can force a redemption therefrom, and the only parties having any interest in the property are the debtor and purchaser at the sale. If the former does not redeem within the year, then the purchaser

will hold the property absolutely. If, however, a creditor redeems from the sale before the expiration of the nine months, then the interest of the purchaser at the sale is ended; and the parties in interest are the debtor, the redeeming creditor, who now takes the place of the purchaser, and the other lien creditors. The latter have just the same right, primarily, against the redeeming creditor, who has now become the purchaser, as they had against the original purchaser at the sale, to-wit, the right to redeem within nine months from the date of sale. During the nine months, the creditors have the right . to redeem from each other, and the creditor who makes the last redemption prior to the expiration of the nine months takes the place and right of the purchaser at the sale, and is entitled to hold the property absolutely, as against other creditors, but subject to the right of the debtor to redeem within one year.

So far as the absolute right of redemption on part of the creditors is concerned, that is terminated by the expiration of the nine months, and it is for the creditor last redeeming within the nine months to determine whether the right of redemption shall again be opened to the other creditors. If he is willing to have his lien and claim wholly extinguished, he is entitled to hold the property at that price, and no further redemption can be made by the creditors. If he is not willing to take the property in full satisfaction, then he must, within 10 days, enter on the sale-book the utmost amount he is willing to credit on his claim, and by so doing confers upon the other lien creditors the right to redeem under the provisions of section 3116. If the creditor last redeeming, within nine months, does not make an entry upon the sale-book as provided for in section 3115, then, by the express provisions of section 3114, unless the debtor redeems within the year, the claim and lien of the redeeming creditor is wholly extinguished; and by reason thereof the right of the redeeming creditor to hold the property becomes complete and absolute under section 3113, and the statute conclusively presumes that he intends to hold the property, and thereby extinguish his entire claim, unless, within 10 days after the expiration of the nine months, he makes an entry upon the sale-book under section 3115.

If this view of the meaning of the statute is correct, it follows, in the case under consideration, that as the redeeming creditor, Dillon, did not, within ten days after the expiration of the nine months, make any entry upon the sale-book, his whole claim is extinguished; and, as the debtor did not redeem within the year, Dillon now holds the property absolutely.

But it is urged on behalf of the mortgagee, Officer, that the supreme court of Iowa, in *Goode* v. *Cummings*, 35 Iowa, 67, has given a different construction to these sections of the statute. If that court, in considering these sections, has reached and announced a different conclusion, it is our duty to accept the same as a conclusive declaration of the true meaning of the statute. In *Goode* v.

*Cummings,* if we correctly understand the facts, the real point in dispute was whether Goode had perfected redemption by paying the clerk the required amount. Both Goode and Cummings were creditors of one McConkey, whose real estate had been sold upon a judgment against him in favor of the State Bank of Iowa. Within nine months from the date of sale, Cummings purchased the certificate of sale, thereby, in fact, redeeming from the sale. Before the expiration of the nine months, Goode deposited with the clerk a certain amount of money, being a sum sufficient to pay the amount bid at the sale, with interest and costs, but not enough to cover the claims and liens held by Cummings. The facts of the case did not, therefore, present the question of the right to redeem after the expiration of nine months; but the court in its opinion expresses its views upon the statute generally, and holds "that, after the expiration of nine months, the right of redemption on the part of creditors still exists, but the manner is pointed out." The manner in which this continuing right of redemption by creditors can be exercised, is declared to be by payment of the amount indicated by the statement filed, if such statement has been filed under section 3115, or of the whole amount of the creditors' liens from whom redemption is sought to be made, if no statement has been filed. In the opinion it is expressly stated that the omission to file such statement could not prejudice the right of creditors to redeem, nor would it defeat the right of the judgment debtor to demand the extinguishment of all of defendant's claims, and for this reason, when redemption is made after the expiration of the nine months, it can only be done by paying all claims held by the creditor from whom redemption is made, whether the same be in date senior or junior to the lien of the creditor about to redeem.

It has been strongly urged in argument that all that is said by the supreme court in this opinion, touching the right to redeem after the expiration of the nine months, is purely *dictum,* and not an authoritative construction of the statute; and that doubt has been thrown upon some of the propositions therein laid down by the later decisions of the same court. It is not necessary to determine whether this claim is well or ill founded. If, for any reason, the views expressed in *Goode* v. *Cummings* are not applicable to the point in controversy in this cause, then, as we should construe the statute, the right of redemption in favor of Officer did not extend beyond the period of nine months from the date of sale; and as the payment by him to the clerk was not made until after the expiration of the nine months, it would not have the effect of redeeming the property.

If, however, according to the contention of Officer, the opinion in *Goode* v. *Cummings* is to be accepted as a final authoritative construction of the statute, and as holding that if a creditor redeems from the sale within nine months, then all creditors may redeem from each other after the expiration of the nine months; still each redemption can only be made by payment of all the claims held by the creditor

from whom redemption is sought to be made, unless he has consented to take less by filing the statement provided for in section 3115. It is admitted that Officer did not deposit with the clerk a sum sufficient to pay the claims and liens owned by Dillon, but only a sum sufficient to repay the amount paid by Dillon in redeeming from the sale. As Dillon did not file a statement as provided for in section 3115, according to the opinion in *Goode* v. *Cummings*, his claim and lien are extinguished, as against the debtor, Goulden.

If, therefore, Officer could redeem from him without paying him the amount of the liens as well as the sum by him disbursed in redeeming from the sale, it would follow that, as a result of his redeeming within the nine months, and thereby enabling Officer to redeem after the nine months, he (Dillon) had lost his entire claim. It is true Officer's lien is prior in time to those of Dillon, and, in making redemption before the expiration of the nine months, he would not be required to pay the amount of the junior liens. He did not, however, redeem during the nine months, but claims the right to redeem after the expiration of the nine months, basing his right upon the ruling made in *Goode* v. *Cummings*. That case declares that, under such circumstances, he must pay all liens held by Dillon, as well as his disbursements, in redeeming from the sale. This he has not done, and now claims that he ought not to be required to pay the liens which are prior to his.

*Goode* v. *Cummings*, upon which he relies as establishing his right to redeem after the expiration of nine months, also holds that he must, in such case, pay all liens held by Dillon without distinction, and whether senior or junior. Having failed, therefore, within the statutory time to make payment of the requisite amount to the clerk, he failed to perfect a redemption, and Dillon's right to the property remains unaffected.

On behalf of Officer, it is suggested that it is within the power of the court to now permit him to pay the full amount that should have been paid before the expiration of the nine months, and thus enable him to perfect the redemption of the property. Both Dillon and Officer were made parties to the bill for foreclosure of the mortgages, and the original decree cuts off their right in equity to redeem. Upon the sale made in pursuance of that decree, the only right in the premises left to Officer was his statutory right of redemption. His failure to properly exercise this right is not in any way attributable to Dillon, or any third party. Having failed to perfect the redemption under the statute, the court cannot extend the statutory period, and thereby defeat the right to the land already vested in Dillon. *Newell* v. *Pennick*, 62 Iowa, 123; S. C. 17 N. W. Rep. 432.

The order, therefore, is that Dillon is entitled to the certificate of sale originally executed to complainant, and is entitled to a deed of the premises, to be executed by the special master, and to judgment for the costs made upon this proceeding.