A junior mortgagee sought to set aside a purchase under a decretal sale in favor of senior mortgagee, at which the latter had purchased; by the decision of the Court of Appeals he was allowed to redeem upon terms, but delaying to do so for two years, the Chancellor then had a discretion to allow the redemption or refuse it; his refusal to permit it approved, as well on account of the delay as subsequent acts and contracts between the parties.

# Dale *vs* Shirley.

## ERROR TO THE BARREN CIRCUIT.

### *Practice in Chancery.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

DALE having, for two years after the entry of the mandate of this Court, failed to pay the money in Court as he was allowed by the said mandate to do, we are of opinion that the Court was not bound, on his offer of the money at so late a period and without explanation, to allow him to pay it with the effect of entitling himself to a quashal of the previous sale and to the benefit of the elder mortgage of Shirley: See *Dale vs Shirley,* (5 *B. Monroe,* 492.) As the decree confirming the sale was reversed, and the sale, therefore, stood unconfirmed, the Chancellor might still have had a discretion to confirm it or to set it aside. But as upon the evidence brought forward on the motion to quash, it appeared that Dale had assigned to Shirley the very claims, on account of which his right to interfere in the case and his equity to redeem Shirley's mortgage, had been recognized and established by this Court, and had, in return, received a portion of the benefit of Shirley's purchase, this change in the rights and attitude of the parties, took away the entire basis on which the directions of the Court were founded, and rendered them inapplicable to the case. The parties had, in effect, compromised their controversy and confirmed the sale. And a quashal of it by the Court, on the motion of one and against the consent of the other, could not have been proper, unless upon grounds which would have authorized a rescission of the compromise and a restoration of the parties to their original rights and attitude. The fairness and validity of this compromise are in litigation between the parties in a suit in equity, pending in the same Court, the record of which was introduced in opposition to the motion of Dale to quash the sale. And

we need only remark that the present state of that litigation is not such as to require or authorize the quashal of the sale, and that the equities of the parties will probably be better ascertained and enforced in that suit than they could be in a motion of this sort, before its termination.

Wherefore, the order overruling the motion of Dale is affirmed.

*V. Monroe and Rogers* for plaintiff; *B. & A. Monroe* for defendant.