PROCTOR and Others *v.* BAKER and Others.

A junior mortgagee is not a necessary party to a proceeding to foreclose a
senior mortgage; but if he is not made a party, he is not precluded by
the decree, from filing his bill to redeem within a proper time.

On a bill to redeem by a junior mortgagee, after sale on a senior mortgage, a decree, that, if the amount necessary to redeem the mortgaged premises is not paid within the time limited, the premises shall again be sold, and the liens paid in order of priority, is erroneous.

Nov. Term,
1860.

PROCTOR
v.
BAKER.

Wednesday,
December 5.

APPEAL from the *Spencer* Circuit Court.

HANNA, J.—This was a proceeding to foreclose a junior mortgage. The complaint avers, that the mortgage, on a part of a lot and one hundred acres of land, was executed and recorded on *June* 17, 1858; to secure the payment of four notes, of some $600 each (of even date with the mortgage), the first of which was then due; that prior encumbrances existed, on the part of the lot described, to more than the value of the same; that, on *June* 15, 1858, the mortgagor executed another note for $50, and a mortgage on said one hundred acres of land to secure the same, to *James Proctor*, who assigned it to the firm of *Proctor & Richardson*, of which firm he was a member. That in *December* following, proceedings were instituted and so conducted as to result in a decree of foreclosure of said prior mortgage, at the *January* term, 1859, without making these complainants parties to that proceeding; that on the 18th of said month, process issued to the sheriff upon said decree, upon which, on *February* 19, following, said land, which was of the value of $2,000, was sold, and said *Richardson* bid in the same at the price of $100, and received a deed therefor; that said bid was in fact for the use of the firm; that afterward, to-wit: on *March* 21, said *Richardson* sold and conveyed said land to *Montgomery*.

This suit was instituted in *July* following. *Proctor, Richardson, Montgomery*, and *Miller*, the mortgagor, are made defendants. Prayer, that the decree and sale on the first mortgage be set aside, and the complainants permitted to redeem, by payment of the prior encumbrances. Copies of the notes, mortgages, decree, and deeds mentioned, were filed.

The defendants, *Proctor, Richardson* and *Montgomery*, demurred to the complaint, and assigned for cause, that it did not show facts sufficient, &c. The demurrer was overruled.

Nov. Term,
1860.

PROCTOR
v.
BAKER.

This ruling presents the only point in the case. We do not perceive any error in the ruling upon the demurrer. A junior mortgagee is not a necessary party to a proceeding to foreclose a senior mortgage; but may be joined. If he is not made a party, he is not precluded by the decree in such case from filing his bill, within a proper time, to redeem. 1 Hil. on Mort. 300; *Kimmel* v. *Willard*, 1 Doug. 217; *Dale* v. *Shirley*, 8 B. Mon. 524; 2 Story's Eq. § 1023; *Haines* v. *Beach*, 3 Johns. Ch. R. 459.

After the decision on the demurrer, the defendants made no further answer. It was thereupon decreed, that the plaintiff had a right to redeem, and should be permitted to redeem, said premises, by the payment, within ten days, into the clerk's office, of the sum of $140, for the use of said *Montgomery;* that there was due certain sums to the plaintiffs upon said second mortgage, and certain other sums were not then yet due thereon; that if the plaintiffs failed to pay said first named sum into the office, said land should be sold, and the proceeds applied: first, to the payment of said named sum; second, to the payment of the costs; third, to the payment of the sums due on the second mortgage, &c.

It appears to us that, under the circumstances, that part of the decree ordering the sale of the property, upon failure of the plaintiffs to pay the sum necessary to redeem, is erroneous. If the property is not of a value greater than the amount of the senior lien, then proceedings to redeem would seem to be fruitless, if that redemption is for the sole purpose of re-offering the property to satisfy that lien. That proceeding and expense had already been gone through with; and should not be again incurred, unless the plaintiff would in fact redeem.

*Per Curiam.*—The judgment should therefore be so modified as to conform to this view of the rights of the parties; and is therefore, as to the part ordering the sale to satisfy the senior mortgage, reversed; as to the balance, affirmed, at the costs of the appellees here.

*L. Q. De Bruler* and *T. F. De Bruler*, for appellants.
*Conrad Baker*, for appellees.