JASPER COUNTY FOR THE USE OF THE SCHOOL FUND v.
ROGERS *et al.*

1. Tax title: SCHOOL FUND MORTGAGES. The purchaser, at a sale for taxes
of lands incumbered by mortgages to the school fund, takes the same,
subject to such incumbrances. Rev., 1860, §§ 810 and 811.

*Appeal from Jasper District Court.*

THURSDAY, OCTOBER 20.

FORECLOSURE of a mortgage in favor of the school fund
in said county, dated the 1st of January, 1858.   On the 2d
day of November, 1863, the mortgage premises were sold
to the defendant, H. S. Winslow, for the sum of $106$\frac{45}{100}$,
being the amount of delinquent taxes then due on said
premises, for the years 1857, 1858, 1859, 1860, 1861 and
1862, and a certificate of purchase regularly issued to the
said Winslow.   The plaintiff's petition asks that any lien
or title acquired to the mortgage property under said tax
certificate may be foreclosed, declared and held subject to
plaintiff's lien, &c.   The defendant Winslow, in his answer,
admits the plaintiff's mortgage, and also the fact that he
holds the tax certificate obtained under the circumstances
stated, and claims the prior or paramount lien thereby, and
prays the court so to declare by its decree.   To this portion
of the answer, the court sustained a demurrer, and the
defendant appeals.

*H. S. Winslow* for the appellant *pro se.*

*D. L. Clark* for the appellee.

LOWE, J. — The point suggested is, whether the plaintiff, or the defendant Winslow, under the facts as stated,
has the prior equity.   Ordinarily, the defendant
would have; but in a case of this kind, under
§§ 810 and 811 of the Revision, the plaintiff is

1. TAX TI-
TLE: school
fund mort-
gage.

entitled to priority. They are as follows: *First.* That any school or university lands of this State, bought on a credit, whenever the same is sold for taxes, the purchaser at such tax sale shall only acquire the interest of the original purchaser in such lands, and no sale of any such lands for taxes shall prejudice the rights of the State or university therein, or preclude the recovery of the purchase-money or interest due thereon. *Second.* That in all cases where real estate is mortgaged, or otherwise incumbered to the school or university fund of this State, the interest of the person who holds the fee title shall alone be sold for taxes, and in no case shall the lien or interest of the State be affected by any sale of such incumbered real estate made for taxes. Under these sections, the purchase of a tax title to lands mortgaged to the school fund, takes the same, subject to such lien, as an ordinary purchaser would do, of the title from the legal owner or mortgagor. This is too plain to need argument or further proof. But the appellant thinks that the above act is unconstitutional, because it contains something more than is embraced in the title thereof. We cannot adopt this affirmation, because not sustained, in our opinion, by the fact. The title of the act is as follows: "An act exempting lands owned by the university, from taxation, and protecting real estate on which the school or university funds have liens, from sale for taxes." The objection is best answered by the above recital of the title of the act in question. The order sustaining the demurrer is

Affirmed.