## Lovelace v. Berryhill.

1. **Tax sale**: UNIVERSITY FUND MORTGAGE. A sale for taxes of land mortgaged to the school or university fund conveys only the interest of the mortgagor, and does not divest the lien of the mortgage.

2. —— If the mortgage be foreclosed, the purchaser at the foreclosure sale takes the title free from the lien for taxes.

3. —— That the mortgage was made to the board of trustees of the State university, instead of the university, does not change the rule.

*Appeals from Johnson District Court.*

FRIDAY, APRIL 25.

ACTION in chancery to set aside and cancel a tax deed executed to defendant for lands, the title to which is claimed by plaintiff. There was a decree granting the relief prayed for in plaintiff's petition. Defendant appeals. The facts of the case, so far as they are necessary to an understanding of the points ruled, are found in the opinion.

*Williams & Ewing* for the appellant.

*Clark & Haddock* for the appellee.

BECK, Ch. J.—Plaintiff's title to the land involved in the action is based upon the foreclosure of two mortgages given to secure an indebtedness of the mortgagor to the State university. The mortgages were executed August 5, 1861, and foreclosed by proper decree May 14, 1868, upon which the land was duly sold and a sheriff's deed therefor executed to plaintiff July 18, 1868.

Defendant claims title under a tax deed executed November 15, 1871, upon a sale of the land for taxes due thereon for the years 1866 and 1867. The deed and all prior tax proceedings are regular. The sale was had November 9, 1868. The question presented by the record for determination is this: Does the tax title held by defendant divest plaintiff's title acquired under the foreclosure proceedings.

I. The regularity of the respective proceedings upon which the conflicting titles of the parties are based is admitted, and in the absence of any special legislation, favoring plaintiff's title, it would be defeated by the tax title held by defendant. But there is such legislation found in section 811 of the Revision, which is in these words: "That in all cases where real estate is mortgaged or otherwise incumbered to the school or university fund of this State, the interest of the person who holds the fee title shall alone be sold for taxes, and in no case shall the lien or interest of the State be affected by any sale of such incumbered real estate made for taxes." The effect of this statute is now to be considered. Its evident purpose is to protect incumbrances to these funds from defeat by tax titles, and to render the liens thereof superior to the liens for taxes. This purpose is expressed in the last clause of the section, in words whose import cannot be mistaken, namely: "In no case shall the lien or interest of the State be affected" by any sale for taxes. The preceding clause is not so clear, and, were it not for the explicit language just quoted, might

bear a different interpretation. But the import of the section, considered as a whole, cannot be mistaken. It is that liens to the funds specified shall be paramount to the liens created by law for taxes.

Plaintiff acquired his title under the mortgages to the university fund prior to the tax sale. He took the land relieved of the tax lien, otherwise the section under consideration would have no force. If, as against plaintiff, the tax title is valid, then is the lien of the State affected thereby; but the provision declares it shall not be. It is said that this provision is only intended to apply as long as the State holds the lien or title derived from the enforcement of the lien. The error of this view is apparent. If the State holds the title free from the lien for taxes, it may transfer that title discharged from such liens the same as it held the property. So one holding under the State by purchase deed, made in the enforcement of the State lien, will take the land as it was held by the State, his interest being unaffected by the taxes. The first proposition just announced is directly ruled in *Helphrey* v. *Ross*, 19 Iowa, 40; the second is a corollary of the first. It would be strange indeed if a lien by the act of enforcement should become subordinate when before it was paramount, and thus be defeated. Our conclusion finds support in *Crum* v. *Cotting*, 22 Iowa, 411; *Jasper County* v. *Rogers*, 17 id. 254; *State* v. *Shaw*, 28 id. 68.

II. It is claimed by defendant's counsel, that the evidence fails to show that the mortgages, which are the foundation of plaintiff's title, were executed to the State university. It is true that they were not executed to that institution *eo nomine.* But they were made to the treasurer of the board of trustees, and it very clearly appears that they were designed to secure an indebtedness to the university. The law has regard to the very nature of the transaction, and not its form. If the mortgages in question, as they appear to be from the evidence, were designed to be a security to the fund of the university, they are within the provisions of the statute above quoted.

Whether made directly to the institution, or to its proper officer, their effect would be the same.

We have nothing to do with the policy and effects of the statute just construed. These are for the consideration of another department of the government, and cannot influence the interpretation to be given to the explicit language of the enactment.

Affirmed.