## IOWA COUNTY v. BEESON.

1. **Judicial Sale:** FORECLOSURE: EQUITY OF REDEMPTION. One who seeks to redeem from a sale under foreclosure proceedings to which he was not a party, on general equitable principles. after the period for statutory redemption has expired, can do so only by paying the mortgage debt, without regard to the amount for which the property sold.

*Appeal from Iowa District Court.*

WEDNESDAY, DECEMBER 15.

THIS is an action in equity to foreclose the defendant's equity of redemption in certain real estate. The court found that the defendant was entitled to redeem upon payment of $603.13, and the costs of suit, and decreed that upon the

Iowa County v. Beeson.

failure to pay said sum within thirty days from the date of the decree his equity of redemption be barred. The defendant appeals. The facts are stated in the opinion.

*A. B. & J. C. Cummins,* for appellant.

*Hedges & Alverson,* for appellee.

DAY, J.—I. The facts of this case are as follows: On the 29th day of July, 1863, John Smith made his note for $180 and ten per cent interest, due in five years, to Iowa county, for the use of the school fund, and secured the same by mortgage upon the real estate in controversy.

1. JUDICIAL sale: foreclosure : equity of redemption.

July 30, 1863, John Smith conveyed said real estate to Matthew Newcomb, and the deed was recorded August 7, 1863.

October 3, 1864, the defendant Beeson bought said real estate at a tax sale of taxes for 1863.

Suit was brought by Iowa county to foreclose the mortgage above mentioned, and on September 9, 1865, judgment was rendered by the District Court of Iowa county against John Smith on said note for $211.33, and $40.90 costs, and $25 attorney's fees, and the mortgage was foreclosed.

June 5, 1869, the defendant, Beeson, received a tax deed from the treasurer of Iowa county for said real estate, pursuant to the sale above mentioned, and recorded the same July 7, 1869.

June 18, 1870, the sheriff of Iowa county sold said real estate under special execution issued on the judgment and decree of September 9, 1865, to the State of Iowa for the use of the school fund for $150, and executed a deed therefor to the purchaser June 21, 1870. This sale was made under appraisement. Neither Beeson nor Newcomb was made a party to the above mentioned action of foreclosure.

June 11, 1878, the plaintiff commenced this action to foreclose the right of redemption of Beeson and Newcomb. Newcomb made default, and does not now appear. The

defendant Beeson answered, setting up his tax deed, and claiming the right to redeem from plaintiff on payment of the amount bid at the sale of June 18, 1870, with interest, and subrogation to the rights of plaintiff as against Newcomb. The court held that the defendant Beeson could redeem only by payment of the mortgage debt, amounting to $603.13.

The only question involved is as to the amount which defendant must pay in order to redeem. The defendant by his purchase at the tax sale acquired only the right of the person holding the fee title, the mortgagor. Revision, section 811; *Jasper County v. Rogers*, 17 Iowa, 254. In *Tuttle v. Dewey*, 44 Iowa, 306, it was held that the holder of a junior mortgage who is made defendant in the foreclosure suit may redeem within the time allowed by statute by paying the amount with interest bid by the senior lien holder at the foreclosure sale, although less than the mortgage debt. But the principle of that case is not applicable to the present, as Beeson was not made a party to the foreclosure suit, and does not seek to make redemption within the time allowed by statute, but asks to make redemption under general equitable principles. This case comes within the doctrine of *Johnson v. Harmon*, 19 Iowa, 56, in which it is held that a junior incumbrancer not made a party to a foreclosure proceeding can redeem only by paying the amount due on the mortgage debt. The court did not err in holding that defendant in order to effect redemption must pay the amount of the debt secured by the mortgage.

II.  Appellant claims, however, that conceding he should pay the amount of the mortgage debt, he was by the court required to pay too much. The counsel who tried the cause in the court below stipulated, as shown by the amended abstract, that the whole amount of the mortgage lien was $603.13, being the same amount that the defendant was required to pay. The decree of the court below is

AFFIRMED.