Diddy v. Risser,

---

DIDDY v. RISSER ET AL.

1. **Judicial Sale**: REDEMPTION: RIGHT OF JUDGMENT LIEN HOLDER TO REDEEM. The holder of a judgment, which is a lien on real estate, cannot redeem such real estate from a sale under a mechanic's lien, superior to his judgment, after a sheriff's deed has been executed on such sale.

*Appeal from Dallas Circuit Court*

WEDNESDAY, APRIL 20.

ON the 13th day of October, 1869, F. S. Graham was the owner of block six in Rice's addition to the town of Adel.

On the 15th day of November, 1869, one D. J. Curtis filed in the proper office a mechanic's lien on said premises, and foreclosed said lien in the Circuit Court of Dallas county, on the 9th day of June, 1870, and thereafter sold said premises on special execution, under and by virtue of said foreclosure proceedings, and on the 8th day of August, 1870, a sheriff's deed was made and delivered therefor, to the purchaser at said execution sale. At the date of said sheriff's deed the premises were improved. The purchaser at said sale conveyed his interest in said premises to one Gaskill, who on the 15th of February, 1871, conveyed to defendant John Risser, who on the 11th day of November, 1872, conveyed to defendant N. B. Nichols, who on the 4th day of May, 1878, conveyed to defendant Maggie Phelps, each of the defendants enjoying the rents of said premises during the period of their ownership, together with the defendant Maggie Phelps, who is now in the occupancy and possession of said premises, under the said conveyance to her. On the 7th day of December, 1869, the plaintiff obtained a judgment in his favor, in said court, against F. S. Graham, for the sum of seven hundred and twenty-five dollars, and costs. The plaintiff was not made a party to the action to enforce the mechanic's lien, and he did not in any manner become a party thereto. On the 29th day of November, 1879, the plaintiff's judgment remaining unpaid, he filed his petition setting forth the foregoing facts, asking that account be taken of the rents of said premises, that he be permitted to redeem said premises from the judgment and sale, and that he have general relief.

The defendants filed a demurrer to the petition, which the court sustained, and rendered judgment thereon against the plaintiff. The plaintiff appeals.

*North & Barr*, for appellant.

*Baugh & Sweely* and *White & Woodin*, for appellees.

DAY J.—I. The plaintiff, as the holder of a general judgment recovered against Graham after the mechanic's lien in question was filed upon the premises in controversy, brings this action, more than nine years after the execution of a sheriff's deed, to redeem the premises from the judgment and sale, and require the purchaser, and those holding under him, to account for the rents. In *State of Iowa v. Eads*, 15 Iowa, 114, it was held that the holder of a mortgage, junior to the mechanic's lien, could not redeem after the execution of a sheriff's deed under a procedure for the enforcement of the mechanic's lien. The decision was based upon the ground that the enforcement of a mechanic's lien is a proceeding at law, where no equity of redemption exists. The facts under which this case was determined arose prior to the Revision of 1860. Section 4183 of the Revision, under which the mechanic's lien in controvorsy in this case was enforced, provides: "The action for mechanic's lien shall be prosecuted by ordinary proceedings, and therewith shall be no other cause of action joined." The plaintiff bases his claim for relief upon Section 1858 of the Revision, which is as follows: "In all suits under this act, the parties to the controversy shall, and all other persons interested in the matter in controversy, and in the property charged with the lien, may, be made parties, but such as are not made parties shall not be bound by any such proceedings." The section refers to all classes of persons interested in the matter in controversy and in the property charged, and provides that they shall not be bound by the proceedings unless made parties. The section does no more than anounce a principle of the common law that a party shall not be bound by a judicial proceeding to which he is not a party. If he has any rights, they are not affected by the adjudication. The section does not, however, attempt to confer any rights not before possessed. The holder of a simple judgment lien never had an equitable right to redeem from a senior lien holder, after the execution of a sheriff's

*1. JUDICIAL SALE : redemption : right of judgment lienholder to redeem.*

deed made pursuant to a sale thereunder. It is quite clear to us that section 1858 does not confer such right. The appellant cites and relies upon *Evans v. Tripp*, 35 Iowa, 371, and *Jones v. Hartsock*, 42 Iowa, 147. In the former case the party seeking relief was the holder of a junior judgment, and the right to redeem was not involved. In the latter case the party seeking relief held a prior mechanic's lien, which was a specific lien upon the property in controversy. Both cases are in principle distinguishable from the present. The court did not err in sustaining the demurrer.

AFFIRMED.