### BURHAM *v.* FRITZ and others.

*(Circuit Court, D. Iowa, C. D.   1882.)*

1. REDEMPTION—JUNIOR LIENHOLDER.

   Under the statutes of Iowa the holder of a simple judgment lien has not an equitable right to redeem from a senior lienholder after the execution of a sheriff's deed made pursuant to a sale thereunder.

2. SAME—RULE OF PROPERTY—STATE DECISIONS TO GOVERN.

   The decision of the supreme court of a state, as to the rule of property, will be followed by the federal courts sitting within the district included in such state.

This cause is now before the court upon the complainant's demurrer to the cross-bill of the respondent B. F. Elbert.

The complainant obtained in this court a decree for the foreclosure of a mortgage against the mortgageor and all incumbrancers except said B. F. Elbert, who was named in the bill but not served with process. On the twenty-ninth day of August, 1879, the master sold the mortgaged premises in pursuance of the decree. On the twenty-fourth day of April, 1878, prior to the foreclosure proceedings, said B. F. Elbert recovered a judgment in the district court of Monroe county, Iowa, which became a lien on the land embraced in the foreclosure and sale. The complainant was the purchaser at the master's sale, and on the fifteenth day of September, 1879, he received a deed for the land in question and took possession of the same. After these proceedings, to-wit, on the thirtieth day of January, 1882, the

complainant caused service to be made on Elbert for the purpose of cutting off and barring his right of redemption. The latter, on the third day of April, 1882, answered the bill and filed a cross-bill, praying that the complainant should be required to account for rents and profits, and the respondent allowed to redeem. To this cross-bill the complainant demurs, and among other grounds of demurrer assigns the following: "That a junior judgment creditor cannot in this state, in equity, redeem from a sale under a foreclosure of a prior mortgage after the expiration of the statutory time of redemption."

*Leyman & Clark,* for demurrer.

*Perry & Townsend, contra.*

LOVE, D. J. The question thus presented has, we think, been fully decided by the supreme court of the state of Iowa in *Diddy* v. *Risser,* 55 Iowa, 699. Although that case was decided upon grounds by no means satisfactory to our own judgment, it is our duty to follow it as a law of property in this state. It is too obvious for discussion that we cannot, by disregarding the rule laid down in that case, set up a different rule of property for the federal courts in this district.

We are wholly unable to distinguish the case of *Diddy* v. *Risser* from the case before us upon any material grounds of fact or law. The only difference between the two cases consists in the fact that in *Diddy* v. *Risser* the sale from which the junior judgment creditor sought to redeem was under a decree foreclosing a mechanic's lien, while in the present case the sale was under a decree foreclosing a prior mortgage. We cannot see, however, that this fact makes any difference in the principle of the two cases. Indeed, the supreme court of Iowa, in its opinion, does not proceed upon any such distinction, but puts its judgment upon the broad ground that "the holder of a simple judgment lien never had an equitable right to redeem from a senior lienholder after the execution of a sheriff's deed made pursuant to a sale thereunder." We suppose that the supreme court of Iowa used this language with reference only to the jurisprudence of the state of Iowa. As a proposition of law it certainly is not true, if applied in the wide and comprehensive sense which the words imply. The rule was, I think, quite otherwise at common law. 2 Jones, Mortg. § 1436, and cases there cited; 4 Kent, 162; Story, Eq. § 1053; *Brainard* v. *Cooper,* 10 N. Y. 356; Powell, Mortg. 251.

It would seem, in view of these and other authorities, that the doctrine of the Iowa supreme court can be sustained only upon the

ground that we have in Iowa a statute giving the right of redemption, and prescribing the time within which it must be exercised. Perhaps it might be well argued that it is the policy of our statute to require the judgment creditor holding a junior lien to make his redemption promptly within the prescribed time, and not allow him to disturb and harass a purchaser long after the time of sale, and at any time within the statute of limitations. But, however this may be, we are bound by the rule as laid down by the supreme court of the state.

The demurrer to the cross-bill will be sustained; but since the counsel for the complainant in the cross-bill have made no reference to the case of *Diddy* v. *Risser*, the court will be willing to hear them, in writing, upon the application of that case to the present controversy.

Demurrer sustained.