THE AMERICAN BUTTONHOLE, ETC., CO. v. THE BURLINGTON MUTUAL LOAN ASSOCIATION ET AL.

1. **Redemption:** FROM MORTGAGE FORECLOSURE SALE: BY JUNIOR LIEN-HOLDER NOT MADE A PARTY. A junior lien-holder, not made a party to the foreclosure of a senior mortgage, has an equitable right to redeem from the senior mortgage debt, by the payment of such amount as may be found equitably due the purchaser, or his assignee, after taking an account of the rents and profits received and taxes paid by him; and such equitable right to redeem is not abridged or superseded by the provisions of the statute allowing redemptions from judicial sales to be made within a limited time. The principle of *Jones v. Hartsock,* 42 Iowa, 147, followed, and *Mayer v. Farmers' Bank,* 44 Iowa, 212, and *Diddy v. Risser,* 55 Id., 699, distinguished.

*Appeal from Des Moines District Court.*

WEDNESDAY, SEPTEMBER 19.

ACTION by a junior incumbrancer to redeem certain real estate in Des Moines county. The property at one time belonged to one Smith. He mortgaged it to the defendant. Afterward the plaintiff obtained two judgments against Smith, which became liens on the property. The mortgagee, the defendant in this action, foreclosed, bid in the property at the foreclosure sale, acquired a deed, and took possession. This plaintiff, though a lien-holder prior to the commencement of the action for foreclosure, was not made a party. The statutory time of making redemption from the sale has expired. The plaintiff now brings this action in equity, setting up an equitable right to redeem from the mortgage debt. This right the district court denied. The plaintiff appeals.

*P. Henry Smythe & Son,* for appellant.

*Hall & Huston, J. C. Power,* and *Newman & Blake,* for appellee.

ADAMS, J. The general doctrine undoubtedly has been

that a junior lien-holder has an equitable right to redeem from a mortgage debt, and that such right is not cut off by a foreclosure sale, if the junior lien-holder was not made a party to the action. In Jones on Mortgages, section 1436, the author says: "A subsequent creditor of the mortgagor having a lien upon the property should be made a party to the proceedings (for foreclosure); otherwise he may redeem after the sale." Citing *Sharpe v. Earl of Scarborough*, 4 Ves., 538; *Stonehewer v. Thompson*, 2 Atk., 440; *Blagrave v. Clunn*, 2 Vern., 576; *Brainard v. Cooper*, 10 N. Y., 356; *Proctor v. Baker*, 15 Ind., 178; *Muir v. Gibson*, 8 Ind., 187. In *Anson v. Anson*, 20 Iowa, 55, this court held substantially the same rule. That was an action in equity by a junior mortgagee to redeem after a mortgage sale. He had not been made a party to the foreclosure. Dillon, J., said: "Under these circumstances the principle is elementary and undisputed, unless altered by statute, that the second mortgagee is not barred of his right to foreclose against the mortgagor, or of his right to redeem from the first mortgagee or his assignee, or the purchaser at the foreclosure sale." Citing *Ten Eyck v. Casad & Rowley*, 15 Iowa, 524; *Veach v. Schaup*, 3 Iowa, 194; *Heimstreet v. Winnie*, 10 Iowa, 430. In *Wright v. Howell*, 35 Iowa, 288, the same rule was applied in favor of a judgment lien-holder.

That this has been the general rule, both in this state and elsewhere, we do not understand the appellee to deny. Its contention is that the equitable right upon which the plaintiff relies cannot properly be sustained in view of our statute. An absolute right is now given by statute to every junior lien-holder to redeem from an execution sale, which may be exercised within a limited time, and it is contended that the granting of such right ought to be held to preclude the equitable right to redeem from the mortgage debt after the statutory right to redeem from the sale has expired. The appellee relies also upon *Mayer v. Farmers' Bank*, 44 Iowa, 212. But in that case there had been a sale upon execution

issued upon a judgment obtained in an action *at law*. It was thought that, under section 3664 of the Revision, the junior lien-holder could not be held to have any right except the statutory right to redeem from the sale. In our opinion, the decision in that case is not applicable to the case at bar. Nor can we think that the junior lien-holder is deprived of an equitable right to redeem from the mortgage debt by reason of the statutory right which is given him to redeem from the foreclosure sale. The principle involved was, we think, decided in *Jones v. Hartsock*, 42 Iowa, 147. In that case a junior mechanics' lien-holder was allowed to redeem from prior lien-holder, after an execution sale upon a judgment obtained in an action to which he was not a party. It was not thought that the equitable right to redeem from the prior liens could be denied him, because he had enjoyed a statutory right to redeem from the sale.

The appellee relies largely upon *Diddy v. Risser*, 55 Iowa, 699. But in that case the foreclosure was by ordinary proceedings, being under section 4183 of the Revision. The judgment obtained, then, was a judgment in an action at law, and the right to redeem from a sale under such judgment is a statutory right, to be exercised within such time as the statute allows. In the case at bar, there has been no sale under a judgment in an action at law, and it appears to us that the plaintiff has an equitable right to redeem from the mortgage debt.

It is true, Mr. Justice Day said, in *Diddy v. Risser:* "The holder of a simple judgment lien never had an equitable right to redeem from a senior lien-holder after the execution of a sheriff's deed made pursuant to a sale thereunder." This language, taken out of the connection in which it is used, might mislead. It should be understood as applicable to the class of cases under consideration, and limited to those.

We think that the plaintiff is entitled to have an account taken of the rents and profits received and taxes paid by the

defendants, or either of them, and that it may redeem from the mortgage debt by paying such balance as may be found to be equitably due to the defendants, or either of them. *Anson v. Anson*, above cited.

REVERSED.