## AYRES v. ADAIR COUNTY ET AL.

1. **Redemption:** FROM SCHOOL FUND MORTGAGE: BY PURCHASER AT TAX-SALE. Taxes on land mortgaged to the school fund are a lien upon the land paramount to every other interest or claim except that due the school fund, and this lien passes to the purchaser of the land at tax-sale, and entitles him to redeem from the school-fund mortgage.

2. **Foreclosure of School-fund Mortgage:** PARTIES DEFENDANT: PURCHASER AT TAX-SALE. One who has purchased at tax-sale land mortgaged to the school-fund, is not cut off from his right to redeem from such mortgage, by foreclosure proceedings to which he is not made a party.

*Appeal from Adair Circuit Court.*

THURSDAY, OCTOBER 18.

ACTION to redeem certain real estate. The plaintiff holds a tax deed to the same. He seeks to redeem from a school-fund claim. The land belonged to the county of Adair as school-fund land. The county contracted to sell it to one Hornback, retaining the legal title as security for an unpaid balance of purchase-money. Default having been made in the payment, the county foreclosed the contract, purchased the land at foreclosure sale, acquired a sheriff's deed, and afterward sold and conveyed the same to the defendant, Robert Ferguson. Prior to the commencement of the foreclosure action,

the land had been sold to the plaintiff for taxes. After the execution of the sheriff's deed to the county in pursuance of the foreclosure, the plaintiff obtained a tax deed. He was not made a party to the foreclosure action, and, having failed to redeem from the sale under the statute, he now offers to pay whatever is due on the school-fund claim, and claims that it is his right to do so, and to thereby perfect his title. To the petition stating, in substance, the facts above set out, the defendants demurred, and the court sustained the demurrer. The plaintiff electing to stand upon his petition, judgment was rendered against him for costs.

*Stone, Ayres & Co.* and *D. W. Church*, for appellant.

*Grass & Story*, for appellee.

ADAMS, J.—The county, having made a contract of sale to Hornback, and retaining the legal title as security, stood virtually in the relation of mortgagee, while Hornback, the purchaser and equitable owner, stood virtually in the relation of mortgagor. The taxes were a lien upon Hornback's interest, and paramount to every other interest or claim except that due the school fund. Code, § 865; *Jasper County v. Rodgers*, 17 Iowa, 254; *Lovelace v. Berryhill*, 36 Iowa, 379. After the sale to the plaintiff for the taxes, the lien theretofore existing in favor of the county passed to him. This is not denied by the defendants, and could not properly be, because, if the lien did not pass, nothing passed, and it follows that all sales of land for taxes covered by a school-fund mortgage, or situated as this was, would be nugatory. The plaintiff, then, having acquired a lien as tax sale purchaser, became entitled to redeem from the school-fund claim. That right, indeed, was precisely what he purchased, and all that he purchased. So far we think that there is no controversy.

We come, then, to the question as to what was the effect

1. REDEMPTION: from school-fund mortgage by purchaser at tax-sale.

of the foreclosure. It had, of course, the effect to extinguish the rights of all persons who were made parties to the action. The defendants insist that it ·had the effect to extinguish the rights of the plaintiff also, who was not a party to the action. They base their position in the first place upon the theory that a tax lien is, as they denominate it, a "legal lien," and that the holder of such a lien may be cut off by an execution sale, though not a party to the action in which the judgment or decree was rendered. They cite and rely upon *Diddy v. Risser*, 55 Iowa, 699, in which Mr. Justice Day said: "The holder of a simple judgment lien never had an equitable right to redeem from a senior lien holder after the execution of a sheriff's deed made paramount to a sale thereunder." But this language should be limited to the class of cases under consideration. This court held in *Wright v. Howell*, 35 Iowa, 288, and *American Buttonhole, etc. Co. v. Burlington Mutual Loan Association*, ante, p. 464; that the holder of a judgment lien has an equitable right to redeem from a senior lien enforced by an action in equity, to which the redemptioner was not made a party. The fact, then, that a tax lien is a statutory lien, is not in our opinion material.

Another position taken by the defendants in this connection is, that the interest acquired by the plaintiff as a tax sale purchaser is not a derivative interest; by which they appear to mean that it is not an interest derived from Hornback; and their legal proposition is, as we understand it, that a right of redemption from a mortgage debt, after foreclosure sale, exists only in favor of a person who has a lien upon the identical title or interest upon which the mortgage rests.

They cite 5 Wait's Actions and Defenses, 426. The learned author, discussing the right of a person to redeem from a mortgage, says: "He must have an interest derived mediately of immediately from, through, or in the right of the mortgagor, so as to constitute him the owner of a part of the mortgagor's original equity." In support of the defendant's propo-

*Margin note: 2. FORECLOSURE of school-fund mortgage: parties defendant: purchaser at tax-sale.*

sition that a tax sale purchaser's interest is distinct and independent of all interest held under the original title, they cite *Crum v. Cotting*, 22 Iowa, 411.

In one sense, of course, it is true that a lien holder cannot redeem from a mortgage debt, unless his lien rests upon the same title that the mortgage does. The very theory of the right of redemption is that the redemptioner's interest is subordinate to the claim redeemed from. If the redemptioner's lien rests upon a wholly independent title, that is, upon one that can be valid only in case the mortgagor had no title, there is no ground for redemption, and no occasion for it. The rule expressed in Wait's Actions and Defenses contemplates a case of this kind. The case at bar is different. A tax sale purchaser does not claim under a title that is independent in that sense. So long as he holds a lien, it has the same force and effect, so far as the question before us is concerned, that it would have if created by the voluntary act of the owner. It is a charge upon his interest, and that is the essential idea. Being a charge upon the same interest upon which, the mortgage rests it is not to be divested, we think, by any equitable proceeding to which the tax sale purchaser is not a party.

In *Crum v. Cotting*, above referred to, the essential fact was that the tax sale took place after the foreclosure action had been commenced. The tax sale purchaser in such case was not a necessary nor even proper party. Having acquired his interest subsequently to the commencement of the action, he was affected by the foreclosure precisely as he would have been if he had been made a party. He accordingly claimed the right to redeem through the right of a junior mortgagee who had not been made a party; but the court held that such right did not pass to the tax sale purchaser. His right to redeem was simply through his own lien, so long as he had one, but that had been extinguished through the foreclosure action commenced before he acquired his lien. In the case at bar, the foreclosure action having been commenced after the plaintiff

acquired his lien, we think that he should have been made a party. Not having been made a party, we think that his right to redeem has not been extinguished.

REVERSED.