H. E. Long, Appellant, v. John Mellet, Frank Couch,
    and The People's Savings Bank.

**Redemption:** EXPIRED LIEN. The owner of a judgment which has ceased to be a lien has no right, either in law or in equity, to redeem from a sale under a mortgage lien, prior to his judgment.

**Construction:** RULING ON DEMURRER. In an action by the owner of a judgment which has ceased to be a lien, to redeem from a sale under a prior mortgage lien, plaintiff alleged that his assignors, the judgment plaintiffs, were not made parties to the mortgage foreclosure suit; that the plaintiff in that suit was a nonresident of the state, and had no agent therein upon whom a notice of action to redeem could be served; that the mortgagor was also a nonresident; and that the foreclosure suit was continued for service on certain defendants therein, and was still pending. Defendant demurred on the ground that, since it did not appear that plaintiff's judgment was a lien on the land, he was not entitled to redeem, and that plaintiff's cause of action was shown to be barred. *Held*, that the overruling of the demurrer did not determine that plaintiff might redeem solely upon the strength of his expired judgment, but upon that, taken with all the other matters pleaded.

**Waiver:** PLEADING OVER. Acts Twenty-fifth General Assembly, abolishing waiver of demurrer by pleading over, does not apply to rulings on demurrer made before it took effect.

*Appeal from Dallas District Court.*—Hon. J. H. Hen-
derson, Judge.

Friday, May 17, 1895.

Action in equity to redeem from a sale of land on a judgment and decree of foreclosure of a mortgage. Decree was entered dismissing plaintiff's petition, and quieting the title of the defendant John Mellet to the land described. Plaintiff appeals.—*Affirmed.*

*J. J. Long* for appellant.

*White & Clark* for appellees John Mellet and Frank Couch.

Given, C. J.—I. The following statement of the facts made by appellant is substantially correct, and is sufficient for the purpose of the questions discussed: On July 27, 1880, William Torpey, being the owner of the land in question, executed a mortgage thereon to the People's Savings Bank, to secure payment of a promissory note, due in five years from date of the mortgage. In June, 1881, "William Dickerson, for the use of Studebaker Bros. Mfg. Company," obtained a judgment in the circuit court of Polk county, Iowa, against said William Torpey, for about four hundred and twenty-eight dollars, with interest, attorney's fees, and costs. On March 18, 1882, a transcript of said judgment was filed in the office of the clerk of the district court of Dallas county, Iowa, and duly entered of record by said clerk as a judgment in said court. In March, 1885, an action was brought by the People's Savings Bank in the district court of Dallas county, Iowa, against William Torpey, his wife, and William Dickerson, individually, and other persons, to foreclose the mortgage above referred to against said land. Neither the Studebaker Bros. Manufacturing Company nor William Dickerson, for the use of said company, were made parties to said foreclosure suit. During the pendency of said foreclosure suit, William Dickerson was a resident of Des Moines, Iowa. In November, 1885, service by publication was had upon the defendant William Dickerson, no other service being had upon him. At that time he was a resident of Des Moines, Iowa. At the March or April term, 1885, decree of foreclosure was taken against all the defendants except Dickerson; and at

November term, 1885, decree of foreclosure was entered against him individually, upon the service by publication. No appearance was ever made by or for him, individually or otherwise, nor for the company. The judgment in favor of the bank against William Torpey was for one thousand one hundred and twenty-six dollars and forty-four cents, and interest, attorney's fees, and costs. On April 21, 1885, an execution under the seal of the circuit court issued upon said judgment, and said land was all levied upon by the sheriff; and on about June 1, 1885, he sold same to the People's Savings Bank for the full amount of judgment, interest, costs, attorney's fees, and accrued costs, aggregating one thousand two hundred and fifty-nine dollars and thirty cents, and on June 1, 1886, executed a sheriff's deed to said bank thereunder. No decree of foreclosure was ever entered against "William Dickerson, for the use of Studebaker Bros. Mfg. Company," the name in which the judgment on said transcript was rendered against William Torpey; nor was any decree of foreclosure ever taken against the said company. Plaintiff in the case at bar, in April, 1892, became the owner by assignment of the judgment of four hundred and twenty-eight dollars, etc., against Torpey, hereinbefore referred to; and on June 2, 1892, brought this action to subject said land to the payment of said judgment, and to be allowed to redeem from said decree of foreclosure.

II. It will be seen from the foregoing statement that appellant's judgment was a lien upon the land in question, junior to said mortgage, at the time the action to foreclose was brought, and at the time the decree was entered and sale made thereunder; also, that the plaintiff in said judgment was not made a

party to said foreclosure proceeding; and that the lien of said judgment expired before the commencement of this action, June 2, 1892. The contention is whether, having no lien, appellant can maintain this action. He does not ask to redeem under the statute, but, as he states, "under the general equitable right which exists independently of the statute." He contends that, although his lien has expired, his right to redeem continues for ten years from the time the cause of action accrued upon said note and mortgage; namely, July 27, 1885. Appellant cites the following cases in support of his position: *Wright v. Howell,* 35 Iowa, 288, in which it is said: "The lien of a judgment continues in force for the period of ten years from the date of the rendition of the judgment. The plaintiff's lien, not having been divested by anything occurring since it attached, was in force at the time the proceedings to redeem were instituted." In that case plaintiff's judgment was rendered October 15, 1858. On November 9, 1861, he purchased the lot at sheriff's sale under his judgment, and, after his purchase, brought the action to redeem. There is nothing to show that the lien of his judgment had expired before bringing his action. The question under consideration was not involved nor decided. We infer from the opinion that the lien had not expired. *Ayres v. Adair Co.,* 61 Iowa, 728, and *American Buttonhole, etc., Co. v. Burlington Mut. Loan Ass'n,* 61 Iowa, 464, are cited as holding that "a junior lien holder has an equitable right to redeem from a mortgage debt, and that such right is not cut off by a foreclosure sale if the junior lien holder was not made a party to the action." This doctrine is undisputed in this case, but it has no application to the question before us. Those cases do not decide that the junior lien holder may assert his right

to redeem after his lien has expired, but rather recognize the fact that, by the expiration, he ceases to be a lien holder, and consequently ceases to have the right to redeem.   To the same effect is section 1436 in Jones on Mortgages, also cited.   *Spurgin v. Adamson*, 62 Iowa, 661, is also cited, wherein the familiar rule is announced that the purchaser at foreclosure sale holds the property subject to redemption by a junior incumbrancer, and must account for rents and profits.   Special attention is called to *Brainard v. Cooper*, 10 N. Y. 356.   The question involved in that case is clearly indicated in the concluding remark of the court, as follows:   "I conclude by expressing my belief that within the last one hundred years no decision of any court, no dictum of any equity judge, nor a suggestion of counsel in any case involving the question, can be produced to sustain the position that a judgment creditor having a lien upon mortgaged premises is not entitled to redeem without the issuing of an execution and sale of the land, or either of them."   We might well borrow this expressive language of the learned judge, and apply it to the question under consideration.   We have been unable to find any authority or to discern any principle upon which it might be held that the owner of a judgment that has ceased to be a lien has a right, either in law or in equity, to redeem from a sale under a mortgage lien prior to his judgment.   See *Wright v. Howell*, 35 Iowa, 288; *Ayres v. Adair Co.*, 61 Iowa, 728; *Newell v. Pennick*, 62 Iowa, 123; *Spurgin v. Adamson*, 62 Iowa, 661; *Jones v. Hartsock*, 42 Iowa, 147; *Stadler v. Allen*, 44 Iowa, 198.

III.   Defendants demurred to plaintiff's petition and first amendment, on the grounds that they do not show plaintiff entitled to the relief demanded, for that they do not show that plaintiff's judgment was a lien upon the land described when this action was brought;

also upon the ground that they show plaintiff's cause
of action barred.  This demurrer was overruled, and
defendants answered, defendant Mellet present-
ing a cross bill, asking that his title be quieted.
Plaintiff contends that, by the ruling on the
demurrer, it was settled as the law of the case that,
under the facts alleged in his petition, he was entitled
to relief, and that defendants, having failed to stand
on their demurrer, are estopped from now · claiming
that he is not entitled to relief on those facts.  The
argument is that, by the ruling on the demurrer, the
court held that plaintiff was entitled! to redeem from
the foreclosure sale, notwithstanding his judgment had
ceased to be a lien, and that this became the law of the
case.  Plaintiff alleged other grounds than the single
fact of his expired judgment for the relief asked.  He
alleged that his assignors, the original plaintiffs in his
judgment, were not made parties to said foreclosure
action; that the plaintiff in said foreclosure suit, the
People's Savings Bank, was a nonresident of the state,
and had no agent therein upon whom notice of an
action to redeem could be served; that Mellet and
Torpey were also nonresidents of the state; that said
foreclosure action was continued for service upon some
of the defendants therein, and was still pending.
Other matters are also alleged as grounds for the relief
asked that need not be stated.  The ruling on the
demurrer simply held that taking all the matters
alleged as true, they showed plaintiff entitled to relief.
The ruling on the demurrer did not determine that,
aside from the facts alleged, plaintiff was entitled to
redeem upon the strength of his judgment, though it
had ceased to be a lien.  In view of the allegations of

the petition and amendment, the cases cited are not applicable, and need not be noticed. Defendants' counsel refer to chapter 96, Acts Twenty-fifth General Assembly, providing that "when a demurrer shall be overruled, and the party demurring shall answer or reply, the ruling on the demurrer shall not be considered as adjudication of any question raised by the demurrer." This act was not passed until long after the ruling in question, and has no application to it.

This disposes of all the questions urged in argument. We reach the conclusion that the judgment of the district court should be *affirmed*.