JOHN JOHNSON, Executor, Appellee, v. P. A. LEESE et al., Appellants.

FRED A. JOHNSON, Appellee, v. H. H. LAMOREUX et al., Appellants.

No. 43732.

MAY 4, 1937.

W. A. Hamilton and O. H. Montzheimer, for appellees.

A. M. Galvin, for certain defendants.

Maher & Meloy and D. R. Hankens, for appellants.

PARSONS, J.—The appeal in this case is from a decree in two cases consolidated for trial in the O'Brien county district court, one cause Equity No. 12096 entitled John Johnson, Executor of the Estate of Albert Johnson, deceased, plaintiff, v. P. A. Leese et al., including T. M. Timmins and wife, defendants, and cause Equity No. 12647 entitled Fred A. Johnson, plaintiff, v. H. H. Lamoreux et al., including Maher & Meloy, a copartnership, and the individual members thereof, as defendants. There is also involved in this matter the proceedings in a third case in O'Brien county, Iowa, being Equity No. 11624.

Equity 12096 was a proceeding for the foreclosure of a mortgage given to Albert Johnson, since deceased, suit being brought by the executor of his estate, and decree was entered therein December 2, 1932, for plaintiff, and against all the defendants execution was issued, the land sold and sheriff's deed delivered January 10, 1934, to John Johnson, executor, who subsequently conveyed the premises to Fred A. Johnson.

Equity cause 12647 was a suit brought January 16, 1936, by Fred A. Johnson against H. H. Lamoreux et al., including Maher & Meloy, attorneys, to quiet title.

Equity No. 11624 was a foreclosure action brought by H. H. Lamoreux v. Ernest W. Pearson et al., including T. M. Timmins and wife, as defendants.

The land involved in the foreclosure action 12096 was the northwest quarter of section 18, township 97 north, range 39, west of the 5th P. M., and the land involved in Equity 11624 was on land in section 35, township 94, range 42, hence the foreclosure decrees in these two cases did not involve the same land. However, in 11624 there was a personal judgment entered on the notes in the foreclosure for plaintiff therein and against T. M. Timmins, the holder of the legal title to the land involved in cause 12096. The decree in 11624 was entered on the 12th day of October, 1931, and hence was of record on the commencement of the foreclosure action in 12096 on the 6th day of October, 1932. H. H. Lamoreux should have been made a party-defendant to that foreclosure proceeding, but was omitted.

Judgment and decree in 12096 was entered on the 2d day of December, 1932, and included among the persons who had defaulted were T. M. Timmins and wife. The sheriff's sale under the execution in the decree entered in 12096 was held on the 5th day of January, 1933, the land selling for the full amount of the judgment and costs, in the sum of $11,907.96; sheriff's deed was issued for the sale January 10, 1934.

On the first of June, 1935, Fred A. Johnson purchased the premises involved in the action 12096, from the executor, and the sale was duly approved by the court. On the 16th of January, 1936, Fred A. Johnson made an application by way of an amendment to the petition in 12096, setting forth the judgment and decree and the sale, issuance of sheriff's deed, and subsequent sale of land to himself; and that at the time of the commencement of the cause of action, through inadvertence and

mistake, H. H. Lamoreux, owner and holder of a certain judgment entered on the 12th of October, 1931 (in cause 11624), was not made a party, and that Maher & Meloy, a copartnership, had an attorneys' lien on said judgment; and that none of these parties were originally made parties in 12096. In this application Fred A. Johnson asked that he be substituted as the party plaintiff and have judgment and decree of foreclosure v. Lamoreux and Maher & Meloy, as a firm, and the individual members thereof, and that his claim be decreed to be paramount and superior to their rights and interest of redemption under the sale held under special execution issued in 12096, and that their rights be fixed and determined, and that the applicant as the substituted plaintiff be granted a judgment for costs against the defendants, and each of them, and for general equitable relief.

The pleadings in the cases are voluminous and raise every question that could fairly be raised that question the rights of the parties in any of the persons here on appeal, as well as many questions which seem to us to have no possible foundation, and that in no manner could affect the results reached. The lower court made a pretty full and complete finding of the facts, and entered a decree finding in favor of the interests of the titleholder under the decree in foreclosing the mortgage in case 12096, to which exceptions were properly taken.

**█ █** The first question that naturally arises is the right to reopen the case 12096 and make Lamoreux and Maher & Meloy parties in order to cut off their rights of redemption, if any. The lower court held that the right existed, and in so doing, necessarily overruled the objections thereto made by the parties claiming under the Lamoreux interest. In this the district court was correct. O'Connell v. Cotter, 44 Iowa 48; Squires v. Jeffrey, 101 Iowa 676, 70 N. W. 730; Gray v. Sanborn, 178 Iowa 456, 159 N. W. 1004; Nelson v. First Nat. Bank, 199 Iowa 804, 202 N. W. 847; Long v. Mellet, 94 Iowa 548, 63 N. W. 190; American Buttonhole Co. v. Burlington Mut. Loan Assn., 61 Iowa 464, 16 N. W. 527; section 10967, Code of 1935.

In O'Connell v. Cotter, the court said:

" 'The court may, on motion of either party, at *any time*, in the furtherance of justice and on such terms as may be proper, permit such party to amend *any* pleading or proceedings by adding or striking out the name of a party, or by correcting a mis-

take in *any* other respect, or by inserting other allegations material to the case, or where the amendment does not change substantially the claim or defense by conforming the pleading or proceedings to the facts proved.' ''

The opinion says further, ''The fact that the mortgage was properly described in the petition, and a copy attached thereto, and that the notice stated a foreclosure of the same was asked, very conclusively shows the omission of a prayer asking a foreclosure was a mistake of the pleader.'' And again, ''There is a clear and well settled distinction between an amendment made to remedy an error and one to create or make error. The latter, it might be well said, was not in the furtherance of justice. An amendment after judgment is within the sound judicial discretion of the court, and no general rule, applicable to all cases, can be laid down, but being a matter of discretion, each case must in a great measure depend upon the particular facts.''

The other cases cited hold that a redemption such as is involved in this action, is not a redemption under the statute, but is a redemption under the powers allowed in an equity court. There is no provision for redemption where a lien has ceased. This brings us to the question arising under the provisions of chapter 487-E1 of the Code, being sections 11033-e1 to 11033-g2, both inclusive (five sections).

It will be borne in mind that the deed to the executor of the estate of Albert Johnson was made January 10, 1934; that the action to foreclose the Johnson mortgage was begun by filing a petition on the 6th day of October, 1932; that the decree was entered in the case on the 2d day of December, 1932; that the decree on foreclosure of mortgage in the Lamoreux case was entered on the 12th day of October, 1931.

Sections 11033-e1, 11033-e2, 11033-e3 were a part of chapter 178 of the 45th General Assembly, and they took effect after the decree was entered in the Lamoreux case. An examination of section 11033-e1 discloses that ''from and after January 1, 1934, no judgment in an action for the foreclosure of a real estate mortgage or deed of trust or in any action on a claim for rent or judgment etc. * * * shall be enforced and no execution issued thereon and no force or vitality given thereto for any purpose other than as a set-off or counterclaim after the expiration of a period of two years from the entry thereof.'' In other words,

according to the assertions in causes 12096 and 12647, the claims under the Lamoreux judgment were barred. This bar was complete two years after the entry of the Lamoreux judgment, i. e., barred by the terms of the act, approved April 11, 1933, and hence became effective July 4, 1933.

It is true that the act was passed subsequent to the entry of the Lamoreux judgment, but in Berg v. Berg, 221 Iowa 326, 264 N. W. 821, this court decided, in an opinion written by Judge Powers, that where a general execution issues on a judgment after the passage of the Moratorium Act, held within the act notwithstanding judgment had been obtained prior to passage of the act.

 This opinion also settled the question of the constitutionality of the act, holding it was constitutional; holding that the legislative act which singled out four classes of judgments only and markedly reduces the period of time heretofore granted, does not constitute prohibitive class legislation.

This case goes over the authorities generally and cites Wooster v. Bateman, 126 Iowa 552, 554, 102 N. W. 521, 522, in which it was held:

"That the legislature may amend a statute of limitations, either shortening or extending the time within which an existing cause of action may be barred, without violating the constitutional prohibition against the passage of any law impairing the obligation of contracts, if a reasonable time is given for the commencement of an action before the bar takes effect, is settled by the united voice of authority."

 The record discloses that the judgment under which the Lamoreux interest claims, is a judgment on notes secured by a mortgage, on a piece of land other than that involved in this case. No execution was ever issued on the judgment. This judgment was entered October 12, 1931. The statute which bars the judgment was passed in the 45th General Assembly and took effect July 4, 1933. The statute operated upon past judgments as well as upon future judgments. The Lamoreux interests asserted no claim under their judgment, whatever; never made any effort to redeem; never even started to question the right of the Johnson interests until the 12th day of February, 1936, when they filed a motion to dismiss the application for reopening the case. That application prayed that the rights of the Lamoreux interests be

fixed and determined, and for general equitable relief in the premises, before the Lamoreux interests made any effort to redeem, hence it was barred by the very terms of the statute itself. The rights of the Lamoreux interests had become barred before any attempt was made to redeem or before any suggestion of redemption was made.

In Long v. Mellet, 94 Iowa 548, 63 N. W. 190, this court held:

"The owner of a judgment which has ceased to be a lien has no right, either in law or in equity, to redeem from a sale under a mortgage lien, prior to his judgment."

The mortgage lien in this case was prior to the lien which any of the Lamoreux interests had, because the mortgage was made long before the entry of that judgment. They are in here claiming the right of redemption; their lien under the statute has expired. The Long case cited holds that when a judgment ceases to be a lien no right of redemption exists under the judgment. Hence there was no right of redemption in the Lamoreux interests. The Long case has never been overruled; the principles laid down cannot be questioned, therefore it is our holding in this case that for the reasons hereinbefore pointed out, that if the Lamoreux interests ever had any right of redemption they had become barred before their rights were asserted. They could have brought an action to redeem at any time they saw fit, after the entry of their judgment, but they did not, and because they did not bring an action they now want to have their judgment, which is barred by the statute, take the place of the Johnson interests. The sheriff's deed clothed the executor with title in the property, and this has been transferred to Fred A. Johnson.

An old case, Ten Eyck v. Casad & Rowley, 15 Iowa 524, holds that under the equitable rules the Lamoreux interests could have brought an action to be allowed to redeem. They failed to do it within the time fixed by the statute of limitations, hence they are entitled to no relief in this court.

We have not touched all the questions raised here, because we regard them as having no application in this case, but for the reasons pointed out in this opinion, the decree of the district court is hereby affirmed.—Affirmed.

ANDERSON, STIGER, DONEGAN, KINTZINGER, and HAMILTON, JJ., concur.